UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 25-81544-CIV-CANNON

**JUNEL POCHETTE** *as Personal Representative of the Estate of Marcia May Pochette*, and **DEVIN WOODS** *as Personal Representative of the Estate of Jenice Monique Woods*,

    Plaintiffs,
v.

**CITY OF WEST PALM BEACH**, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING SHOTGUN COMPLAINT AND PERMITTING REPLEADING

**THIS CAUSE** comes before the Court upon a *sua sponte* review of the record. On December 10, 2025, Plaintiffs filed their seven-count Amended Complaint [ECF No. 3]. The sixth count (failure to train and supervise) and seventh count (negligent and intentional infliction of emotional distress), however, are not separated into different counts, thus rendering the Complaint an impermissible "shotgun pleading" [ECF No. 1 ¶¶ 53–70]. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."); *Lewis v. Carnival Corp.*, No. 20-CV-24364, 2021 WL 4991102, at *4 (S.D. Fla. Aug. 5, 2021) ("Negligent supervision and negligent training are distinct legal theories."); *Walker v. Dixon*, No. 22-CV-10, 2022 WL 16701953, at *4 (N.D. Fla. Oct. 24, 2022), *report and recommendation adopted*, No. 22-CV-10, 2022 WL 16701931 (N.D. Fla. Nov. 3, 2022) ("Failure-to-train and failure-to-supervise are separate claims."); *Raftopoulos v. City of Palm Bay*, No. 15-

CV-1063-ORL-37KRS, 2016 WL 4247825, at *5 (M.D. Fla. Aug. 11, 2016) ("[N]egligent infliction of emotional distress and intentional infliction of emotional distress are separate causes of action.  Therefore, these claims should not be contained in the same count.").

The Eleventh Circuit repeatedly has condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket."  *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010).  Therefore, it is well-settled that shotgun pleadings are an unacceptable form of setting forth a claim for relief.  *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).  The Court has an independent obligation to dismiss such pleadings and require repleader.  *See Ain Jeem, Inc. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule A*, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021) (citing cases).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Amended Complaint [ECF No. 3] is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiffs may file a second amended complaint that is consistent with this Order on or before **December 29, 2025**.  **Each count must identify the particular legal basis for liability as to each defendant, separate each claim into a separate count, and contain specific factual allegations that support each cause of action within each count**.

3. Failure to comply with this Order may result in dismissal of the case without further notice.

CASE NO. 25-81544-CIV-CANNON

**ORDERED** in Chambers at Fort Pierce, Florida, this 15th day of December 2025.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record