UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 25-81544-CIV-JUDGE CANNON

JUNEL POCHETTE, individually and as Personal
Representative of the Estate of MARCIA MAY
POCHETTE, and DEVIN WOODS, individually
and as Personal Representative of the Estate of
JENICE MONIQUE WOODS,

       Plaintiffs,

         v.

CITY OF WEST PALM BEACH, a Florida
municipal corporation, AUSTIN DANIELOVICH,
individually, PIERRE ETIENNE, individually,
CHRISTOPHER REKDAHL, individually,
MICHAEL BORGEN, individually, WILLIAM
LOAYZA, individually, BRANDAN STEDFELT,
individually, and DARIEN THOMAS, individually,

       Defendants.

_____/

## PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**(Plaintiffs' Amended Complaint only added the handwritten date at the end of the document. No other additions or changes were made in the Amended Complaint. Such Amended Complaint was filed just hours after the Complaint was filed on 12/10/2025.)**

COME NOW the Plaintiffs, JUNEL POCHETTE, individually and as Personal Representative

of the Estate of MARCIA MAY POCHETTE and DEVIN WOODS, individually and as Personal

Representative of the Estate of JENICE MONIQUE WOODS, and on behalf of each respective

Estate and each respective Survivor, by and through their undersigned counsel, and hereby sue the

1

CITY OF WEST PALM BEACH, a Florida municipal corporation, AUSTIN DANIELOVICH, individually, PIERRE ETIENNE, individually, CHRISTOPHER REKDAHL, individually, MICHAEL BORGEN, individually, WILLIAM LOAYZA, individually, BRANDAN STEDFELT, individually, DARIEN THOMAS, individually, and allege the following:

## JURISDICTIONAL ALLEGATIONS

1.      This is an action exceeding the jurisdictional threshold of $75,000.00 (seventy-five thousand dollars) and which seeks damages in excess of $10,000,000.00 (ten million dollars), for each respective Estate and each respective survivor, for claims under both Florida law and federal law. Plaintiffs' state claims are presented pursuant to Florida Statutes §768.16 – §768.26 ("Florida Wrongful Death Act") and §768.28, as well as other applicable Florida law.

2.      Plaintiffs also assert federal claims and damages pursuant to 42 U.S.C. §§ 1983, 1988 and the United States Constitution and its Amendments.

3.      Plaintiffs hereby invoke supplemental jurisdiction of the United States District Court to adjudicate supplemental state tort claims arising under Florida law pursuant to 28 U.S.C. § 1367 and further invoke the jurisdiction of the United States District Court pursuant to 28 U.S.C. §§1331 and 1343.

## CONDITIONS PRECEDENT

4.      All conditions precedent to the prosecution of this action have occurred and/or have been performed, excused or waived.

5.      As a condition precedent to filing the present action, the Plaintiffs and/or the Personal Representatives of the respective Estates for the decedents, MARCIA MAY POCHETTE and JENICE MONIQUE WOODS, forwarded written notice pursuant to §768.28, Florida Statutes, to the CITY OF WEST PALM BEACH and the Florida Department of Financial Services.

2

## PARTIES

6.     The Plaintiffs in this matter, JUNEL POCHETTE and DEVIN WOODS, are the surviving spouses/husbands of the decedents, Marcia May Pochette and Jenice Monique Woods, and are the personal representatives for the Estate of Marcia May Pochette [as named or Marcia] and the Estate of Jenice Monique Woods [as named or Jenice], deceased individuals, whose wrongful deaths on July 30, 2024, form the basis of this lawsuit. JUNEL POCHETTE is the appointed personal representative for the Estate of Marcia May Pochette, deceased, and is the surviving spouse/husband of Marcia May Pochette. DEVIN WOODS is the appointed personal representative for the Estate of Jenice Monique Woods, deceased, and is the surviving spouse/husband of Jenice Monique Woods. Claims are brought by each Plaintiff in their individual capacity and as the personal representative for the respective estates and for the respective survivors.

7.     The Defendant, CITY OF WEST PALM BEACH [City or City Defendant], is a municipal corporation located in Palm Beach County, Florida, and is responsible for the actions and inactions of its agents, employees, representatives, supervisors, managers, officers, public officials, including duly sworn law enforcement officers, law enforcement managers and law enforcement supervisors for and/or with the West Palm Beach Police Department.

8.     The Defendants, AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN THOMAS, were at all material times hereto and on July 30, 2024 sworn law enforcement officers employed by and working for the Defendant, CITY OF WEST PALM BEACH, specifically with and for the West Palm Beach Police Department, and acting under color of state law and within the course and scope of their employment with the CITY OF WEST PALM

3

BEACH.  These individual Defendant Officers are sued in their individual capacities as their actions and/or inactions were negligent and/or exhibited wanton and willful disregard for human rights, safety and property.

9.      All actions, inactions and omissions material to this cause of action occurred within Palm Beach County, Florida. Further, the decedents, Marcia May Pochette and Jenice Monique Woods, and their respective surviving spouses, JUNEL POCHETTE and DEVIN WOODS, were residents of Palm Beach County when this fatal crash occurred on July 30, 2024 and the Defendant Officers were employed with and working for the CITY OF WEST PALM BEACH, specifically the West Palm Beach Police Department, when this fatal crash occurred.

## GENERAL ALLEGATIONS AND FACTS COMMON TO ALL COUNTS

10.     On July 30, 2024, at approximately 8:10 P.M., Marcia May Pochette, deceased, and Jenice Monique Woods, deceased, were traveling home together in a motor vehicle on North Congress Avenue at or near its intersection with Meadows Boulevard in Boynton Beach, Florida after picking up food.

11.     The decedent, Jenice Monique Woods, was the driver of the involved 2017 Toyota Corolla and the decedent, Marcia May Pochette, was a passenger in such motor vehicle.

12.     Marcia May Pochette was the natural mother of Jenice Monique Woods. In addition, Jenice Monique Woods was in her first trimester of pregnancy with no known medical complications.

13.     On July 30, 2024, seven (7) law enforcement officers employed by and working for the CITY OF WEST PALM BECH and the West Palm Beach Police Department:  AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN THOMAS, were working and

operating as law enforcement members of the West Palm Beach Police Department's specialized unit, including and/or called the Bike Team and the Gang and Habitual Offender Suppression Team (GHOST).[1]

14.     At all times material hereto, the Defendant, Officer AUSTIN DANIELOVICH, was the driver of a black and white West Palm Beach Police Department patrol vehicle.

15.     At all times material hereto, the Defendant, Officer PIERRE ETIENNE, was the driver of an unmarked West Palm Beach Police Department Dodge Durango SUV.

16.     At all times material hereto, the Defendant, Officer CHRISTOPHER REKDAHL, was the driver of an unmarked West Palm Beach Police Department Dodge Ram pickup truck.

17.     At all times material hereto, the Defendant, Officer MICHAEL BORGEN, was a passenger in the unmarked West Palm Beach Police Department Dodge Ram pickup truck being driven by CHRISTOPHER REKDAHL.

18.     At all times material hereto, the Defendant, Officer WILLIAM LOAYZA, was a passenger in the unmarked West Palm Beach Police Department Dodge Durango SUV being driven by PIERRE ETIENNE.

19.     At all times material hereto, the Defendant, Officer BRANDAN STEDFELT, was a passenger in the marked West Palm Beach Police Department patrol vehicle being driven by AUSTIN DANIELOVICH.

20.     At all times material hereto, the Defendant, Officer DARIEN THOMAS, was a passenger in the unmarked West Palm Beach Police Department Dodge Ram pickup truck being driven by CHRISTOPHER REKDAHL.

---

[1] GHOST police unit refers to specialized police details with a specific objective of utilizing low-visibility, subtle vehicles during field operations.

21.     Unbeknownst to Marcia May Pochette and Jenice Monique Woods, these seven (7) West Palm Beach Police Department officers had initiated an unlawful and dangerous high-speed vehicular pursuit, colloquially known within the Department as a "ghost chase", of another citizen, Neoni Copeland, based solely on a non-criminal vehicular traffic infraction.

22.     A "ghost chase" is a police tactic involving high-speed pursuit conducted with or without activation of low-visibility emergency lights, sirens, or notification to dispatch, in an intentional effort to evade departmental scrutiny and circumvent prohibitions against non-emergency or covert pursuits.

23.     Despite prohibitions under West Palm Beach Police Department policy and nationally accepted police practices[2], the seven (7) officers engaged in the lengthy high-speed pursuit of Neoni Copeland for a minor traffic infraction through congested and highly populated public roadways and on Interstate 95 in Palm Beach County, reportedly reaching speeds exceeding 80 mph, and at times approaching and over 118 mph, with diminished visibility and heavy vehicular traffic, as well as in the opposite lanes of travel.

24.     As a direct and foreseeable consequence of the officers' unlawful, negligent and/or reckless conduct and driving actions and inactions, Neoni Copeland lost control of his vehicle and collided with the vehicle occupied by the decedents, Marcia May Pochette and Jenice Monique

---

[2] The Office of the State Attorney 15th Judicial Circuit Probable Cause Affidavit states "At the West Palm Beach Police Department, like most law enforcement agencies across this country, specific guidelines are established for motor vehicle pursuits with mandates governing when an officer should initiate or terminate a pursuit. In West Palm Beach, the guidelines are detailed in policy III-25, entitled Vehicle Pursuits." The PC Affidavit further identified some pertinent excerpts from the policy as follows "The officer(s) must give continuous radio updates as the pursuit evolves. The pursuit must be monitored by a supervisor. All officers involved in the pursuit must ensure their BWC (body worn camera) are recording throughout the duration of the pursuit. The office initiating the pursuit must submit a report prior to the end of his or her shift, to document the facts of the pursuit. All other officers involved in the pursuit are required to complete a supplemental report detailing their involvement."

Woods, at the intersection of North Congress Avenue and Meadows Boulevard in Boynton Beach, Palm Beach County, Florida, killing them both.

     25.     The Office of the State Attorney 15th Judicial Circuit Probable Cause Affidavit[3] relating to this fatal high-speed police pursuit crash states "At approximately 8:10 P.M. on July 30, 2024, a traffic crash occurred in the 4300 block of North Congress Avenue in the City of Boynton Beach, Palm Beach County, Florida. Neoni Copeland, age 23, was the driver and sole occupant of a 2022 Kia Stinger sedan. The Kia struck the passenger side of a 2017 Toyota Corolla being driven by Jenice Woods, age 27. The Toyota's passenger was Mrs. Woods' mother, Marcia Pochette, age 57. Both women were pronounced dead shortly after arriving at a hospital. The deaths were caused by massive blunt force injuries. Mrs. Woods was newly pregnant when she died."

     26.     The Probable Cause Affidavit from the Office of the State Attorney further states "A team of Boynton Beach (BB) police officers were at the crash scene within a few minutes. The two women were still trapped in the Toyota. The Kia was unoccupied. Witnesses said a young man ran from the crash scene, headed westbound. BB officers found Neoni Copeland about ten minutes later and arrested him. Copeland said he was driving the way he was, and fled from the crash scene out of fear, because he was being chased by the WPB police. Neoni Copeland said he was "100 percent" certain the pursuit was initiated by WPB police officers whom he initially saw on 45[th] Street in WPB. No WPB officers contacted the BB police. No WPB officers remained at the crash scene where two people died."

---

[3] The involved West Palm Beach Police Department Officers were charged with Leaving the Scene of a Crash Involving Death (two counts), a felony of the first degree, and/or Official Misconduct, a felony of the third degree.

27.     The Probable Cause Affidavit further indicates "BB police investigators began checking nearby video sources, including one from a nearby Presidente Supermarket. That video, and others from nearby businesses, confirmed Copeland had been, at the time of the crash, fleeing a close pursuit by unknown members of the WPB Police Department. Three WPB police vehicles were involved in the pursuit. One WPB vehicle was a marked black and white Ford SUV. The other two were unmarked police vehicles, a gray Dodge Durango SUV and a black Dodge Ram pickup truck."

28.     In the *Synopsis* section of the Probable Cause Affidavit from the Office of the State Attorney 15th Judicial Circuit the following is stated:

"Synopsis:

Seven West Palm Beach police officers who were working the evening shift on Tuesday, July 30, 2024, elected to pursue Neoni Copeland after he failed to stop on Australian Avenue just south of 45th Street in WPB. **None of the officers used a radio, their work cellular devices, or their personal cellular devices to notify a dispatcher and/or a supervisor of the pursuit; this is in clear violation of department policy.** The seven officers left their jurisdiction as Copeland drove south out of the city limits of WPB. **The AVL data shows the speed of the marked Ford police vehicle went as high as 119 mph**.

The records indicate the two Dodges were traveling in close proximity of the marked Ford and the Kia driven by Neoni Copeland throughout the pursuit.

The officers did not notify the Florida Highway Patrol of the Palm Beach County Sheriff's Office they were pursuing someone in their jurisdictions. As the pursuit continued into the city limits of Boynton Beach, the WPB officers did not notify the Boynton Beach Police. The crash occurred, forcing the victims' Toyota off the roadway, Neoni Copeland ran from the Kia into a residential neighborhood. Despite the effort to stop Copeland after a high-speed pursuit lasting ten minutes and travelling 12 – 13 miles from its onset, none of the WPB officers made a post-crash effort to capture him. The seven WPB officers ended their pursuit and went back to their jurisdiction. **The officers left the scene of a vehicle crash in which they were integrally involved, failing to attempt to render aid or notify emergency medical personnel.** The two wrecked vehicles and a considerable amount of crash debris were just a few feet away.

8

Video footage obtained during this investigation revealed that Etienne, driving the Dodge Durango SUV, was southbound on Congress Avenue at 8:11:24. Twenty-two seconds later, at 8:11:46, the Dodge Durango SUV was northbound on Congress Avenue after making a U-turn. The same video footage shows the marked Ford Explorer driven by Danielovich was southbound on Congress Avenue at 8:11:30 P.M.[4] Twenty-three seconds later, at 8:11:53, the marked Ford Explorer was northbound on Congress Avenue after making a U-turn. Officer Rekdahl, driving the Ram truck, with Officers Borgen and Thomas as passengers, drove past the crash scene." (Emphasis added.)

29.    The violent force of the impact from Neoni Copeland's vehicle severely and fatally injured both Marcia May Pochette and Jenice Monique Woods. Despite witnessing the catastrophic crash involving Marcia's and Jencie's vehicle, and resulting injuries, none of the pursuing defendant officers stopped to render aid to Marcia May Pochette and Jenice Monique Woods. In addition, despite the high-speed GHOST chase pursuit through multiple cities/municipalities in Palm Beach County and for many miles, there was also no effort to seize or arrest Neoni Copeland. He fled the scene on foot following the crash and evaded initial apprehension.

30.    Despite the seven (7) officers being fully aware of the violent crash and the grave injuries they had caused, they failed to provide and summon medical assistance and also fled the crash scene without reporting it. Their body-worn cameras remained purposely inactive, and they also failed to notify dispatch and/or a supervisor, in violation of departmental policy and officer training requirements.

---

[4] The Synopsis section of the PC Affidavit also states "Officers Danielovich and Stedfelt stopped a motorist for a traffic violation on I-95 near Palm Beach Lakes Boulevard at 8:20 P.M., only ten minutes after the crash occurred. The 8:20 traffic stop was properly logged by the officers in the police computer-aided dispatch system, thus adhering to department policy. Officer Stedfelt activated his body camera during the 8:20 traffic stop. Lieutenant Dunleavy saw some of the involved officers that evening, post-crash but prior to being notified of it. The officers were going about their normal duty chores. None of them wrote a police report about the vehicle pursuit."

31.     As a result of the officers' refusal to render aid and/or summon emergency medical assistance, Marcia May Pochette and Jenice Monique Woods were left at the crash scene without receiving emergency medical aid and/or treatment, relying instead on calls to 911 made by unrelated civilian witnesses.

32.     The delay in medical response caused by the officers' deliberate abandonment exacerbated the consequence of injuries and resulted in excruciating and prolonged suffering by Marcia May Pochette and Jenice Monique Woods.  Tragically, both women died from their injuries.  Jenice's unborn child was also harmed by the collision which resulted in the traumatic termination of the pregnancy.

33.     In further violation of departmental protocols and their sworn duties, none of the seven (7) officers involved documented the pursuit, the crash, or their roles in the incident. There was no internal reporting, belated activation of body cameras, or completion of use-of-force or incident reports as required.  The defendant officers implicitly and expressly agreed to cover up or conceal the pursuit and their actions which caused the motor vehicle collision with Marcia May Pochette and Jenice Monique Woods.

34.     Pursuant to the West Palm Beach Police Department's written policies and training protocols, vehicle pursuits are expressly prohibited unless there is reasonable belief that the suspect has committed a "forcible violent felony" or comparable offense. Even in such limited circumstances, the policy requires officers to weigh the public safety risks of the pursuit against its necessity.

35.     Upon information and belief, however, a pattern of unauthorized pursuits has emerged within the West Palm Beach Police Department as officers have attempted to circumvent the department's vehicle pursuit policy. Public records disclose that between 2000 and 2024, the

10

department has been involved in numerous at-fault vehicle collisions, some of which consist of serious injury and death, involving officer negligence and recklessness, including incidents in which officers ran red lights, entered intersections against the right of way, or drove in the wrong direction on public roadways during these operations.

36.     At the time of the subject motor vehicle crash of July 30, 2024, the Defendants, AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN THOMAS, had a duty to operate their motor vehicles in a safe and reasonable manner and also had a duty to follow and/or comply with all applicable West Palm Beach Police Department policies and procedures and other recognized law enforcement policies and procedures.

37.     The Defendants, AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN THOMAS, failed to follow and comply with West Palm Beach Police Department policies and procedures and other recognized law enforcement policies and procedures.

38.     The Defendants, AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN THOMAS, left the scene of the fatal crash and/or failed to render aid.

39.     The actions and inactions of the Defendants, AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN THOMAS, were of such an egregious nature that they acted with willful and wanton disregard for the safety, well-being and health of others.

40.     The actions and inactions of the Defendants, AUSTIN DANIELOVICH, PIERRE

ETIENNE, CHRISTOPHER REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA,

BRANDAN STEDFELT, and DARIEN THOMAS, resulted in the subject motor vehicle crash

and the wrongful deaths of Marcia May Pochette and Jenice Monique Woods.

41.     The decedent, Marcia May Pochette, was wrongfully killed by the acts of the

Defendants, AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL,

MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN

THOMAS.

42.     The decedent, Jenice Monique Woods, was wrongfully killed  by the acts of the

Defendants, AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL,

MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN

THOMAS.

43.     This is an action brought, in part, pursuant to the provisions of the Florida

Wrongful Death Act, §768.16 et seq., Florida Statutes, for the wrongful death of the decedents,

Marcia May Pochette and Jenice Monique Woods.

44.     At all times material hereto, the decedent, Marcia May Pochette, was the spouse

and/or wife of her surviving spouse and/or husband, JUNEL POCHETTE.

45.     At all times material hereto, the decedent, Jenice Monique Woods, was the spouse

and/or wife of her surviving spouse and/or husband, DEVIN WOODS.

46.     Marcia May Pochette, decedent, suffered serious bodily injuries and was

wrongfully killed on July 30, 2024 due to the actions and inactions of West Palm Beach Police

Department Officers AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER

REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN THOMAS.

47.     Jenice Monique Woods, decedent, suffered serious bodily injuries and was wrongfully killed on July 30, 2024 due to the actions and inactions of West Palm Beach Police Department Officers AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN THOMAS.

48.     On the date of her wrongful death of July 30, 2024, the decedent, Marcia May Pochette, had the following statutory survivor:

      a.     JUNEL POCHETTE, spouse, and/or husband.

49.     On the date of her wrongful death of July 30, 2024, the decedent, Jenice Monique Woods, had the following statutory survivor:

      a.     DEVIN WOODS, spouse, and/or husband.

50.     As a direct, proximate and legal result of the wrongful death of Marcia May Pochette, her surviving spouse/husband, JUNEL POCHETTE, and the Estate of Marcia May Pochette, have been harmed and suffered damages as follows:

      a.     JUNEL POCHETTE has been caused to suffer devastating mental pain, mental suffering, mental anguish, extreme grief and extreme sorrow over the death of his wife, Marcia May Pochette, under such egregious circumstances, and he will continue to suffer such devastating damages for the remainder of his life.

      b.     JUNEL POCHETTE and/or the Estate of Marcia May Pochette has/have lost support and services from the date of Marcia May Pochette's wrongful death and will continue to lose support and services for the remainder of JUNEL POCHETTE's life.

c.       JUNEL POCHETTE and/or the Estate of Marcia May Pochette has/have suffered medical, funeral, burial, travel, transportation and other expenses resulting from the wrongful death of Marcia May Pochette.

d.       JUNEL POCHETTE and/or the Estate of Marcia May Pochette have suffered and sustained lost wages and loss of prospective net accumulations due to the wrongful death of Marcia May Pochette.

e.       JUNEL POCHETTE has and will continue to suffer for the remainder of his life the loss of Marcia May Pochette's companionship, love, consortium, guidance and protection.

f.       All damages provided and/or permitted by Florida's Wrongful Death Act.

51.     As a direct, proximate and legal result of the wrongful death of Jenice Monique

Woods, her surviving spouse/husband, DEVIN WOODS, and the Estate of Jenice Monique

Woods, have been harmed and suffered damages as follows:

a.       DEVIN WOODS has been caused to suffer devastating mental pain, mental suffering, mental anguish, extreme grief and extreme sorrow over the death of his wife, Jenice Monique Woods, under such egregious circumstances, and he will continue to suffer such devastating damages for the remainder of his life.

b.       DEVIN WOODS and/or the Estate of Jenice Monique Woods has/have lost support and services from the date of Jenice Monique Wood's wrongful death and will continue to lose support and services for the remainder of DEVIN WOODS's life.

c.       DEVIN WOODS and/or the Estate of Jenice Monique Woods has/have suffered medical, funeral, burial, travel, transportation and other expenses resulting from the wrongful death of Jenice Monique Woods.

d.       DEVIN WOODS and/or the Estate of Jenice Monique Woods have suffered and sustained lost wages and loss of prospective net accumulations due to the wrongful death of Jenice Monique Woods.

e.       DEVIN WOODS has and will continue to suffer for the remainder of his life the loss of Jenice Monique Woods's companionship, love, consortium, guidance and protection.

f.       All damages provided and/or permitted by Florida's Wrongful Death Act.

14

## HISTORICAL/PRIOR INCIDENTS

52.     On June 29, 2002, officers of the West Palm Beach Police Department engaged in a police pursuit, in an unmarked vehicle. This incident took place during a narcotics operation. In this incident, a pursuit was initiated resulting in the target vehicle slamming into a concrete utility pole at an estimated 100 plus mph, causing a catastrophic crash. The driver lost a leg; another occupant lost parts of both legs and the driver's girlfriend was killed in the resulting fire. This incident drew internal affairs scrutiny and public attention; at least one officer resigned shortly after this incident.

53.     On May 21, 2012, the decedent was riding a motorcycle when a city police officer of the West Palm Beach Police Department observed him commit a minor traffic infraction (changing lanes without signaling) from an unmarked police vehicle. Without activating lights or siren, the officer initiated a high-speed pursuit. During the chase, the officer caused his vehicle to collide with or otherwise force the decedent's motorcycle off the road, leading the motorcycle to crash into a tree causing death from his injuries.[5]

54.     On May 4, 2019, West Palm Beach Police officers initiated a vehicle pursuit after two juvenile suspects stole a car at knifepoint. Officers located the stolen Hyundai and attempted a stop, but the driver fled at high speed, leading multiple WPBPD units on a dangerous chase through city streets. During the pursuit, the fleeing vehicle disregarded traffic controls and ultimately caused a violent three-car collision, seriously damaging multiple vehicles and resulting in injuries to the juvenile occupants. The pursuit originated from an unarmed property crime involving juveniles and nonetheless escalated into a high-risk chase that endangered innocent motorists.

---

[5] *Spencer v. City of West Palm Beach*, No. 15-CV-80019 (S.D. Fla.)

55.     On July 20, 2019, West Palm Beach Police Quick Response Team (QRT) or Criminal Apprehension Team (CAT)[6] police officers initiated a traffic stop that immediately escalated into a dangerous, high-speed pursuit. Rather than comply, the driver accelerated and struck a vehicle, the fled at extreme speeds, swerving unpredictably across multiple lanes of travel. Officers pursued southbound onto Interstate 95, where the driver continued driving recklessly and, at one point, exceeded speeds of over 100 miles per hour, forcing other motorists to take evasive action. The pursuit continued until the driver exited at Southern Boulevard, where the fleeing vehicle collided with a police unit, spun out, and became disabled, prompting the driver and his passenger to flee on foot before they were ultimately apprehended.

56.     On August 27, 2020, West Palm Beach police officers engaged in a high-speed pursuit of a stolen SUV which collided with an unmarked police vehicle during the attempted stop. The chase involved numerous police units, including both marked and unmarked vehicles, and continued at high speeds through the intersection of Palm Beach Lakes Boulevard and Forum Way near the Palm Beach Outlets in West Palm Beach, Florida.

57.     On January 5, 2023, West Palm Beach police detectives operating unmarked vehicles initiated a high-speed pursuit of a Ford Crown Victoria after the driver refused commands to stop and accelerated into officers. The driver immediately fled northbound through residential neighborhoods and commercial zones at unsafe speeds, including traveling the wrong way and forcing officers and uninvolved motorists to take evasive action to avoid serious injury. Throughout the chase, officers continued pursuit in darkened, unmarked units with emergency lights activated, despite clear and escalating risks to the public. The fleeing vehicle ultimately

_____

[6] West Palm Beach Police unmarked or low-profile police unit were formally the Quick Response Team (QRT) or Criminal Apprehension Team (CAT).

collided with a fire hydrant, caught fire, and crashed into a fence near the railroad tracks, ejecting the driver and injuring a West Palm Beach officer along with multiple civilians before additional officers arrived to apprehend the occupants.

**Timeline of High-Risk Vehicle Pursuits by the West Palm Beach Police Department**

| Date | WPBPD Units Involved | Nature of Pursuit | Resulting Harm / Consequences |
|---|---|---|---|
| **June 29, 2002** | Unmarked narcotics units | High-speed pursuit during undercover narcotics operation; officers engaged despite known risk | Vehicle crashed into concrete utility pole at **100+ mph**; driver **lost a leg**; passenger suffered catastrophic **limb loss**; girlfriend **killed in resulting fire**; internal affairs scrutiny; at least one officer resigned |
| **May 21, 2012** | Unmarked patrol vehicle | Minor traffic infraction escalated into concealed, high-speed pursuit without emergency signals | Officer's intentional contact forced decedent's motorcycle into a tree, causing his **death from crash** injuries |
| **May 4, 2019** | Multiple WPBPD units | Juvenile carjacking-related pursuit escalated into high speeds through city streets | **Three-car crash**; suspects injured; innocent motorists placed at significant risk despite lack of armed-threat justification |
| **July 20, 2019** | QRT / CAT tactical units (unmarked) | Traffic stop escalated into prolonged **100+ mph** interstate pursuit | **Collision with police vehicle**; vehicle disabled after spinning out; passengers fled on foot; extreme risk posed to public on I-95 |
| **August 27, 2020** | Both marked and unmarked units | Stolen vehicle pursuit: suspect struck an unmarked police unit during attempted stop | High-speed pursuit through densely traveled commercial corridor near Palm Beach Outlets; suspects fled on foot |

| Date | WPBPD Units Involved | Nature of Pursuit | Resulting Harm / Consequences |
|---|---|---|---|
| **January 5, 2023** | **unmarked** units | Driver struck officers and fled at high speeds through neighborhoods and commercial areas | Vehicle ignited and **crashed into fence/railroad property**; driver ejected; WPBPD officer injured; multiple civilians endangered |

### CLAIMS BY AND FOR JUNEL POCHETTE, THE ESTATE OF MARCIA MAY POCHETTE AND THE SURVIVOR OF THE DECEDENT, MARCIA MAY POCHETTE

### COUNT I (1)
### WRONGFUL DEATH OF MARCIA MAY POCHETTE AGAINST THE CITY OF WEST PALM BEACH

58.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

59.     Plaintiff, JUNEL POCHETTE, is the duly appointed personal representative of the Estate of Marcia May Pochette, deceased.

60.     On July 30, 2024, Marcia May Pochette was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by officers of the West Palm Beach Police Department during an unauthorized pursuit.

61.     On July 30, 2024, the Defendant West Palm Beach Police Department Officers, all acting within the course and scope of their employment with the West Palm Beach Police Department, negligently and/or recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances. AUSTIN DANIELOVICH negligently and/or recklessly operated the involved fully marked black and white West Palm Beach Police Department patrol vehicle. PIERRE ETIENNE negligently and recklessly operated the involved unmarked West Palm Beach Police

18

Department Dodge Durango SUV. CHRISTOPHER REKDAHL negligently and/or recklessly operated the involved unmarked West Palm Beach Police Department Dodge Ram pickup truck. MICHAEL BORGEN negligently and/or recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department Dodge Ram pickup truck driven by CHRISTOPHER REKDAHL. WILLIAM LOAYZA negligently and/or recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department Dodge Durango SUV driven by PIERRE ETIENNE. BRANDAN STEDFELT negligently and/or recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department fully marked black and white patrol vehicle driven by AUSTIN DANIELOVICH. DARIEN THOMAS negligently and/or recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department Dodge Ram pickup truck driven by CHRISTOPHER REKDAHL.

62. The officers' negligent and/or reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Marcia May Pochette.

63. As a direct, legal and proximate result of the negligence and/or recklessness of the subject West Palm Beach Police Department Officers, Marcia May Pochette was caused to suffer fatal injuries.

64. The CITY OF WEST PALM BEACH is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Marcia May Pochette due to the negligence of its employees and/or law enforcement officers.

65. The Personal Representative of the Estate of Marcia May Pochette seeks damages

for the Estate and surviving spouse as a direct and proximate result of the Defendant Officers' negligent actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Marcia May Pochette, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE, as personal representative of the Estate of Marcia May Pochette, demands judgment against the CITY OF WEST PALM BEACH for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

## COUNT II (2)
### WRONGFUL DEATH OF MARCIA MAY POCHETTE AGAINST AUSTIN DANIELOVICH

66.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

67.     Plaintiff, JUNEL POCHETTE, is the duly appointed personal representative of the Estate of Marcia May Pochette, deceased.

68.     On July 30, 2024, Marcia May Pochette was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by AUSTIN DANIELOVICH and other officers of the West Palm Beach Police Department during an unauthorized pursuit. AUSTIN DANIELOVICH negligently and recklessly operated the involved fully marked black and white West Palm Beach Police Department patrol vehicle.

20

69.     On July 30, 2024, the Defendant West Palm Beach Police Department Officer, AUSTIN DANIELOVICH, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

70.     AUSTIN DANEILOVICH's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Marcia May Pochette.

71.     As a direct, legal and proximate result of the negligence and recklessness of AUSTIN DANILEOVICH, the decedent, Marcia May Pochette was caused to suffer fatal injuries.

72.     AUSTIN DANIELOVICH is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Marcia May Pochette due to his actions, inactions and conduct rising to the level of and/or exhibiting wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

73.     The Personal Representative of the Estate of Marcia May Pochette seeks damages for the Estate and surviving spouse as a direct and proximate result of AUSTIN DANIELOVICH's negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Marcia May Pochette, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE, as personal representative of the Estate

21

of Marcia May Pochette, demands judgment against AUSTIN DANIELOVICH for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

**COUNT III (3)**
**WRONGFUL DEATH OF MARCIA MAY POCHETTE**
**AGAINST PIERRE ETIENNE**

74.      Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

75.      Plaintiff, JUNEL POCHETTE, is the duly appointed personal representative of the Estate of Marcia May Pochette, deceased.

76.      On July 30, 2024, Marcia May Pochette was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by PIERRE ETIENNE and other officers of the West Palm Beach Police Department during an unauthorized pursuit. PIERRE ETIENNE negligently and recklessly operated the involved unmarked West Palm Beach Police Department Dodge Durango SUV.

77.      On July 30, 2024, the Defendant West Palm Beach Police Department Officer, PIERRE ETIENNE, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

78.      PIERRE ETIENNE's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Marcia May Pochette.

79.      As a direct, legal and proximate result of the negligence and recklessness of

PIERRE ETIENNE, the decedent, Marcia May Pochette was caused to suffer fatal injuries.

80.     PIERRE ETIENNE is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Marcia May Pochette due to his actions, inactions and conduct rising to the level of wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

81.     The Personal Representative of the Estate of Marcia May Pochette seeks damages for the Estate and surviving spouse as a direct and proximate result of PIERRE ETIENNE's negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Marcia May Pochette, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE, as personal representative of the Estate of Marcia May Pochette, demands judgment against PIERRE ETIENNE for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

## COUNT IV (4)
## WRONGFUL DEATH OF MARCIA MAY POCHETTE
## AGAINST CHRISTOPHER REKDAHL

82.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

83.     Plaintiff, JUNEL POCHETTE, is the duly appointed personal representative of the Estate of Marcia May Pochette, deceased.

84.     On July 30, 2024, Marcia May Pochette was lawfully traveling in a motor vehicle

23

when she was killed because of a high-speed collision negligently and/or recklessly created and caused by CHRISTOPHER REKDAHL and other officers of the West Palm Beach Police Department during an unauthorized pursuit. CHRISTOPHER REKDAHL negligently and recklessly operated the involved West Palm Beach Police Department unmarked Dodge Ram pickup truck.

85.     On July 30, 2024, the Defendant West Palm Beach Police Department Officer, CHRISTOPHER REKDAHL, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

86.     CHRISTOPHER REKDAHL's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Marcia May Pochette.

87.     As a direct, legal and proximate result of the negligence and recklessness of CHRISTOPHER REKDAHL, the decedent, Marcia May Pochette was caused to suffer fatal injuries.

88.     CHRISTOPHER REKDAHL is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Marcia May Pochette due to his actions, inactions and conduct rising to the level of wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

89.     The Personal Representative of the Estate of Marcia May Pochette seeks damages for the Estate and surviving spouse as a direct and proximate result of CHRISTOPHER

REKDAHL's negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Marcia May Pochette, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE, as personal representative of the Estate of Marcia May Pochette, demands judgment against CHRISTOPHER REKDAHL for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

**COUNT V (5)**
**WRONGFUL DEATH OF MARCIA MAY POCHETTE**
**AGAINST MICHAEL BORGEN**

90.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

91.    Plaintiff, JUNEL POCHETTE, is the duly appointed personal representative of the Estate of Marcia May Pochette, deceased.

92.    On July 30, 2024, Marcia May Pochette was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by MICHAEL BORGEN and other officers of the West Palm Beach Police Department during an unauthorized pursuit. MICHAEL BORGEN negligently and recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department Dodge Ram pickup truck driven by CHRISTOPHER REKDAHL.

93.    On July 30, 2024, the Defendant West Palm Beach Police Department Officer,

MICHAEL BORGEN, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

94.     MICHAEL BORGEN's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Marcia May Pochette.

95.     As a direct, legal and proximate result of the negligence and recklessness of MICHAEL BORGEN, the decedent, Marcia May Pochette was caused to suffer fatal injuries.

96.     MICHAEL BORGEN is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Marcia May Pochette due to his actions, inactions and conduct rising to the level of wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

97.     The Personal Representative of the Estate of Marcia May Pochette seeks damages for the Estate and surviving spouse as a direct and proximate result of MICHAEL BORGEN's negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Marcia May Pochette, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE, as personal representative of the Estate of Marcia May Pochette, demands judgment against MICHAEL BORGEN for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees

and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

**COUNT VI (6)**
**WRONGFUL DEATH OF MARCIA MAY POCHETTE**
**AGAINST WILLIAM LOAYZA**

98.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

99.     Plaintiff, JUNEL POCHETTE, is the duly appointed personal representative of the Estate of Marcia May Pochette, deceased.

100.    On July 30, 2024, Marcia May Pochette was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by WILLIAM LOAYZA and other officers of the West Palm Beach Police Department during an unauthorized pursuit. WILLIAM LOAYZA negligently and recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department Dodge Durango SUV driven by PIERRE ETIENNE.

101.    On July 30, 2024, the Defendant West Palm Beach Police Department Officer, WILLIAM LOAYZA, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

102.    WILLIAM LOAYZA's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Marcia May Pochette.

103.    As a direct, legal and proximate result of the negligence and recklessness of WILLIAM LOAYZA, the decedent, Marcia May Pochette was caused to suffer fatal injuries.

27

104.    WILLIAM LOAYZA is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Marcia May Pochette due to his actions, inactions and conduct rising to the level of wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

105.    The Personal Representative of the Estate of Marcia May Pochette seeks damages for the Estate and surviving spouse as a direct and proximate result of WILLIAM LOAYZA's negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Marcia May Pochette, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE, as personal representative of the Estate of Marcia May Pochette, demands judgment against WILLIAM LOAYZA for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

## COUNT VII (7)
## WRONGFUL DEATH OF MARCIA MAY POCHETTE
## AGAINST BRANDAN STEDFELT

106.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

107.    Plaintiff, JUNEL POCHETTE, is the duly appointed personal representative of the Estate of Marcia May Pochette, deceased.

108.    On July 30, 2024, Marcia May Pochette was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and

28

caused by BRANDAN STEDFELT and other officers of the West Palm Beach Police Department during an unauthorized pursuit. BRANDAN STEDFELT negligently and recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department fully marked black and white patrol vehicle driven by AUSTIN DANIELOVICH.

109.    On July 30, 2024, the Defendant West Palm Beach Police Department Officer, BRANDAN STEDFELT, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

110.    BRANDAN STEDFELT's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Marcia May Pochette.

111.    As a direct, legal and proximate result of the negligence and recklessness of BRANDAN STEDFELT, the decedent, Marcia May Pochette was caused to suffer fatal injuries.

112.    BRANDAN STEDFELT is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Marcia May Pochette due to his actions, inactions and conduct rising to the level of wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

113.    The Personal Representative of the Estate of Marcia May Pochette seeks damages for the Estate and surviving spouse as a direct and proximate result of BRANDAN STEDFELT's negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's

29

companionship, guidance, consortium and protection, and the loss of support and services previously provided by Marcia May Pochette, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE, as personal representative of the Estate of Marcia May Pochette, demands judgment against BRANDAN STEDFELT for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

**COUNT VIII (8)**
**WRONGFUL DEATH OF MARCIA MAY POCHETTE**
**AGAINST DARIEN THOMAS**

114. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

115. Plaintiff, JUNEL POCHETTE, is the duly appointed personal representative of the Estate of Marcia May Pochette, deceased.

116. On July 30, 2024, Marcia May Pochette was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by DARIEN THOMAS and other officers of the West Palm Beach Police Department during an unauthorized pursuit. DARIEN THOMAS negligently and recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department Dodge Ram pickup truck driven by CHRISTOPHER REKDAHL.

117. On July 30, 2024, the Defendant West Palm Beach Police Department Officer, DARIEN THOMAS, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions

under the circumstances.

118.     DARIEN THOMAS's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Marcia May Pochette.

119.     As a direct, legal and proximate result of the negligence and recklessness of DARIEN THOMAS, the decedent, Marcia May Pochette was caused to suffer fatal injuries.

120.     DARIEN THOMAS is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Marcia May Pochette due to his actions, inactions and conduct rising to the level of wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

121.     The Personal Representative of the Estate of Marcia May Pochette seeks damages for the Estate and surviving spouse as a direct and proximate result of DARIEN THOMAS's negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Marcia May Pochette, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE, as personal representative of the Estate of Marcia May Pochette, demands judgment against DARIEN THOMAS for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

## COUNT IX (9)
## FAILURE TO RENDER AID TO MARCIA MAY POCHETTE AGAINST THE CITY OF WEST PALM BEACH AS COGNIZABLE UNDER FLORIDA LAW

122.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

123.    On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

124.    Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, the Defendant Officers deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. The Defendant Officers had a duty to render medical aid and assistance. The officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

125.    The Defendant Officers' failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

126.    The Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so.

127.    The Estate of Marcia May Pochette seeks damages as a direct and proximate result of the Defendant Officers' deliberate, willful and negligent failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial

32

expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, demands judgment for the Estate and survivor against the CITY OF WEST PALM BEACH for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

**COUNT X (10)**
**FAILURE TO RENDER AID TO MARCIA MAY POCHETTE AGAINST AUSTIN DANIELOVICH AS COGNIZABLE UNDER FLORIDA LAW**

128.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

129.    On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

130.    Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, AUSTIN DANIELOVICH deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. AUSTIN DANIELOVICH and the Defendant Officers had a duty to render medical aid and assistance.    AUSTIN DANIELOVICH and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

131.    AUSTIN DANIELOVICH's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

132.     AUSTIN DANIELOVICH and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety.

133.     The Estate of Marcia May Pochette seeks damages as a direct and proximate result of AUSTIN DANIELOVICH's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, demands judgment for the Estate and survivor against AUSTIN DANIELOVICH for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

<u>**COUNT XI (11)**</u>
<u>**FAILURE TO RENDER AID TO MARCIA MAY POCHETTE AGAINST PIERRE ETIENNE AS COGNIZABLE UNDER FLORIDA LAW**</u>

134.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

135.     On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

136.     Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, PIERRE ETINNE deliberately failed to act, stop and/or

provide aid, in contravention of both departmental training and department policy. PIERRE ETIENNE and the Defendant Officers had a duty to render medical aid and assistance. PIERRE ETIENNE and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

137.    PIERRE ETIENNE's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

138.    PIERRE ETIENNE and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety

139.    The Estate of Marcia May Pochette seeks damages as a direct and proximate result of PIERRE ETIENNE's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, demands judgment for the Estate and survivor against PIERRE ETIENNE for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

## COUNT XII (12)
## FAILURE TO RENDER AID TO MARCIA MAY POCHETTE AGAINST
## CHRISTOPHER REKDAHL AS COGNIZABLE UNDER FLORIDA LAW

140.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

141.     On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

142.     Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, CHRISTOPHER REKDAHL deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. CHRISTOPHER REKDAHL and the Defendant Officers had a duty to render medical aid and assistance. CHRISTOPHER REKDAHL and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

143.     CHRISTOPHER REKDAHL's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

144.     CHRISTOPHER REKDAHL and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety

145.     The Estate of Marcia May Pochette seeks damages as a direct and proximate result

36

of CHRISTOPHER REKDAHL's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, demands judgment for the Estate and survivor against CHRISTOPHER REKDAHL for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

**COUNT XIII (13)**
**FAILURE TO RENDER AID TO MARCIA MAY POCHETTE AGAINST MICHAEL BORGEN AS COGNIZABLE UNDER FLORIDA LAW**

146.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

147.     On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

148.     Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, MICHAEL BORGEN deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. MICHAEL BORGEN and the Defendant Officers had a duty to render medical aid and assistance. MICHAEL BORGEN and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

149.    MICHAEL BORGEN's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

150.    MICHAEL BORGEN and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety

151.    The Estate of Marcia May Pochette seeks damages as a direct and proximate result of MICHAEL BORGEN's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, demands judgment for the Estate and survivor against MICHAEL BORGEN for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

### COUNT XIV (14)
### FAILURE TO RENDER AID TO MARCIA MAY POCHETTE AGAINST WILLIAM LOAYZA AS COGNIZABLE UNDER FLORIDA LAW

152.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

153.    On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or

request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

154.    Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, WILLIAM LOAYZA deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. WILLIAM LOAYZA and the Defendant Officers had a duty to render medical aid and assistance. WILLIAM LOAYZA and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

155.    WILLIAM LOAYZA's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

156.    WILLIAM LOAYZA and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety

157.    The Estate of Marcia May Pochette seeks damages as a direct and proximate result of WILLIAM LOAYZA's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, demands judgment for the Estate and survivor against WILLIAM

39

LOAYZA for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

## COUNT XV (15)
## FAILURE TO RENDER AID TO MARCIA MAY POCHETTE AGAINST BRANDAN STEDFELT AS COGNIZABLE UNDER FLORIDA LAW

158.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

159.     On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

160.     Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, BRANDAN STEDFELT deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. BRANDAN STEDFELT and the Defendant Officers had a duty to render medical aid and assistance. BRANDAN STEDFELT and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

161.     BRANDAN STEDFELT's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

162.     BRANDAN STEDFELT and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead,

40

they acted in a manner exhibiting wanton and willful disregard for human rights and safety

163.     The Estate of Marcia May Pochette seeks damages as a direct and proximate result of BRANDAN STEDFELT's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, demands judgment for the Estate and survivor against BRANDAN STEDFELT for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

**COUNT XVI (16)**
**FAILURE TO RENDER AID TO MARCIA MAY POCHETTE AGAINST DARIEN THOMAS AS COGNIZABLE UNDER FLORIDA LAW**

164.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

165.     On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

166.     Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, DARIEN THOMAS deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. DARIEN THOMAS and the Defendant Officers had a duty to render medical aid and assistance. DARIEN THOMAS and the Defendant Officers breached this duty by deliberately and willfully

41

disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

167.     DARIEN THOMAS's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

168.     DARIEN THOMAS and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety

169.     The Estate of Marcia May Pochette seeks damages as a direct and proximate result of DARIEN THOMAS's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, demands judgment for the Estate and survivor against DARIEN THOMAS for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

## COUNT XVII (17)
## CLAIM AGAINST THE CITY OF WEST PALM BEACH COGNIZABLE UNDER 42 U.S.C. § 1983 FOR THE WRONGFUL DEATH OF MARCIA MAY POCHETTE

170.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

42

171.     The City of West Palm Beach maintained a repeated practice of permitting "ghost chases" and also high-speed pursuits wherein officers evaded official policies during vehicular pursuit by reckless operation of motor vehicles and/or failing to activate or utilize emergency lights, sirens, or radio transmissions.

172.     The West Palm Beach Police Department has maintained and permitted a widespread custom and practice of authorizing or acquiescing to unmarked, high-risk and/or reckless vehicular pursuits. In addition, the West Palm Beach Police Department's failure to enforce vehicular pursuit policy, train and supervise officer conduct, or discipline for repeated violations constitutes a municipal custom or policy under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

173.     The West Palm Beach Police Department's policy or practice was a moving force behind the constitutional violations contributing to and causing the wrongful deaths of Marcia May Pochette and Jenice Monique Woods.

174.     The City's deliberate indifference to the risk of injury and death resulting from the practice of authorizing or acquiescing to unmarked, high-risk or reckless vehicular pursuits; failing to enforce its vehicular pursuit policy; failing to train and supervise officer conduct; and/or failing to discipline for repeated violations resulting in unauthorized pursuits, gives rise to municipal liability cognizable under 42 U.S.C. § 1983.

175.     The Estate of Marcia May Pochette seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, survivor's mental pain and suffering, mental anguish, extreme grief and sorrow, loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses

43

and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette and as the surviving husband of Marcia May Pochette, demands judgment against the CITY OF WEST PALM BEACH for all damages allowed under 42 U.S.C. § 1983, and reasonable attorneys' fees under § 1988. The Plaintiff demands a jury trial.

**COUNT XVIII (18)**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST AUSTIN DANIELOVICH FOR THE WRONGFUL DEATH OF MARCIA MAY POCHETTE COGNIZABLE UNDER 42 U.S.C. § 1983**

176.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

177.     AUSTIN DANIELOVICH and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

178.     This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

44

179.     As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

180.     The Estate of Marcia May Pochette seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against AUSTIN DANIELOVICH. Plaintiff further demands a jury trial.

## COUNT XIX (19)
## CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST PIERRE ETIENNE FOR THE WRONGFUL DEATH OF MARCIA MAY POCHETTE COGNIZABLE UNDER 42 U.S.C. § 1983

181.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

182.     PIERRE ETIENNE and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile

45

and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

183.     This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

184.     As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

185.     The Estate of Marcia May Pochette seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against PIERRE ETIENNE. Plaintiff further demands a jury trial.

**COUNT XX (20)**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST CHRISTOPHER REKDAHL**
**FOR THE WRONGFUL DEATH OF MARCIA MAY POCHETTE**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

186.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

187.     CHRISTOPHER REKDAHL and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

188.     This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

189.     As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

190.     The Estate of Marcia May Pochette seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided

47

by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against CHRISTOPHER REKDAHL. Plaintiff further demands a jury trial.

**COUNT XXI (21)**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST MICHAEL BORGEN FOR THE WRONGFUL DEATH OF MARCIA MAY POCHETTE COGNIZABLE UNDER 42 U.S.C. § 1983**

191.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

192.    MICHAEL BORGEN and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

193.    This agreement and coordinated inaction violated and was deliberately indifferent

to Plaintiffs' constitutional rights.

194.     As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

195.     The Estate of Marcia May Pochette seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against MICHAEL BORGEN. Plaintiff further demands a jury trial.

## COUNT XXII (22)
## CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST WILLIAM LOAYZA FOR THE WRONGFUL DEATH OF MARCIA MAY POCHETTE COGNIZABLE UNDER 42 U.S.C. § 1983

196.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

197.     WILLIAM LOAYZA and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants

intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

198. This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

199. As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

200. The Estate of Marcia May Pochette seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against WILLIAM LOAYZA. Plaintiff further demands a jury trial.

## COUNT XXIII (23)
## CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST BRANDAN STEDFELT FOR THE WRONGFUL DEATH OF MARCIA MAY POCHETTE COGNIZABLE UNDER 42 U.S.C. § 1983

201.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

202.    BRANDAN STEDFELT and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

203.    This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

204.    As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

205.    The Estate of Marcia May Pochette seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and

suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against BRANDAN STEDFELT. Plaintiff further demands a jury trial.

## COUNT XXIV (24)
## CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST DARIEN THOMAS FOR THE WRONGFUL DEATH OF MARCIA MAY POCHETTE
## COGNIZABLE UNDER 42 U.S.C. § 1983

206. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

207. DARIEN THOMAS and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional

52

conduct and evade accountability.

208.    This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

209.    As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

210.    The Estate of Marcia May Pochette seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against DARIEN THOMAS. Plaintiff further demands a jury trial.

**COUNT XXV (25)**
**FAILURE TO TRAIN AGAINST THE CITY OF WEST PALM BEACH COGNIZABLE**
**UNDER 42 U.S.C. § 1983 FOR THE WRONGFUL DEATH OF**
**MARCIA MAY POCHETTE**

211.    Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

212.    At all material times, the individually named Defendant Officers were employees of Defendant CITY OF WEST PALM BEACH, acting under color of state law and within the course and scope of their employment.

213. Defendant CITY OF WEST PALM BEACH had a duty to adequately train its police officers, including Defendants AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN THOMAS, to prevent the violation of constitutional rights.

214. Defendant CITY OF WEST PALM BEACH failed to properly train its officers in the implementation of (a). the department's vehicular pursuit policy and the prohibition against pursuit in unmarked vehicles and high-speed chases for nonviolent offenses; (b). the use and activation of body-worn cameras and radio communication during pursuits; and (c). the duty to render or summon emergency medical assistance at the scene of a crash.

215. The failure to train regarding the implementation of the City's vehicular pusuit policy resulted in the City's deliberate indifference to the known or obvious consequences of such failure, including the risk that its officers would engage in unconstitutional conduct.

216. The manner in which the City implemented or failed to implement its pursuit policies resulted in a custom, and practice of authorizing, tolerating, and acquiescing unauthorized, low-profile and high-risk vehicular pursuits, including the use of unmarked vehicles, ghost chases, non-radio pursuits, failure to activate body-worn cameras, and failure to render or summon emergency medical aid after crashes.

217. The City had actual and constructive notice of this pattern of unconstitutional conduct by its officers involving unauthorized vehicular pursuits, concealment of pursuit activity, and post-crash abandonment of injured civilians, as demonstrated by prior internal affairs investigations, public records, citizen complaints, litigation, and repeated serious-injury and fatality incidents.

54

218.     Despite this notice, the City failed to implement adequate training to enforce its

policies regarding:

- lawful vehicular pursuit limitations,
- radio communication and supervisory notification,
- body-worn camera activation,
- duty to render emergency medical aid,
- termination of pursuits when public danger outweighs law-enforcement need.

The City's failure to train constituted deliberate indifference to the constitutional rights of

the public, including Marcia May Pochette and Jenice Monique Woods.

219.     The City's deliberately indifferent training failures were the moving force behind

the unconstitutional conduct of the Defendant Officers and the resulting fatal pursuit,

abandonment, and deaths of both decedents.

220.     This deliberate indifference is evidenced by prior complaints, documented

incidents, or patterns of misconduct involving the City's officers and their failure to take remedial

or corrective action.

221.     The lack of adequate training was a moving force behind and the legal cause of the

constitutional violations that resulted in the deaths of Marcia May Pochette and Jenice Monique

Woods.

222.     As a direct and proximate result of Defendant City of West Palm Beach's failure to

train, the wrongful death of the decedent is compensable under federal law.

223.     The Estate of Marcia May Pochette seeks damages as a direct and proximate result

of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and

suffering until death, survivor's mental pain and suffering, mental anguish, extreme grief and

sorrow, loss of the decedent's companionship, guidance, consortium and protection, and the loss

of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, demands judgment against the CITY OF WEST PALM BEACH for compensatory damages, attorney's fees pursuant to 42 U.S.C. § 1988, costs, and any other relief this Court deems just and proper and demands a trial by jury on all issues so triable.

## COUNT XXVI (26)
## FAILURE TO SUPERVISE AGAINST THE CITY OF WEST PALM BEACH COGNIZABLE UNDER 42 U.S.C. § 1983 FOR THE WRONGFUL DEATH OF MARCIA MAY POCHETTE

224.    Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

225.    At all material times, the individually named Defendant Officers were employees of Defendant CITY OF WEST PALM BEACH, acting under color of state law and within the course and scope of their employment.

226.    Defendant CITY OF WEST PALM BEACH had a duty to adequately supervise, discipline and control its police officers, including Defendants AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN THOMAS, to prevent the violation of constitutional rights regarding vehicular pursuit and seizure.

227.    Defendant CITY OF WEST PALM BEACH failed to properly supervise its officers to ensure (a). the department's vehicular pursuit policy and the prohibition against pursuit in unmarked vehicles, low-profile and high-speed chases for nonviolent offenses; (b). the use and activation of body-worn cameras and radio communication during pursuits; and (c). the duty to render or summon emergency medical assistance at the scene of a crash.

56

228.    The failure to supervise resulted in the City's deliberate indifference to the known or obvious consequences of such failure, including the risk that its officers would engage in unconstitutional conduct.

229.    Defendant City of West Palm Beach had a constitutional duty to adequately supervise, discipline, and control its police officers to prevent violations of constitutional rights.

230.    The City maintained a custom and practice of failing to supervise and discipline officers who engaged in unauthorized vehicular pursuits, ghost chases, concealment of pursuits, and abandonment of injured civilians following police-caused crashes.

231.    The City had actual and constructive notice of these unconstitutional practices through repeated serious-injury crashes, fatalities, internal affairs investigations, and citizen complaints.

232.    Despite such notice, the City failed to take corrective or remedial action, failed to impose discipline, and failed to implement supervisory safeguards to prevent recurrence.

233.    The City's failure to supervise constituted deliberate indifference to the constitutional rights of Marcia May Pochette, Jenice Monique Woods, and the public at large. Moreover, the City's deliberately indifferent supervision failures were the moving force behind the unconstitutional pursuit, abandonment, and deaths of the decedents.

234.    This deliberate indifference is evidenced by prior complaints, documented incidents, or patterns of misconduct involving the City's officers and their failure to maintain oversight, take remedial or corrective action.

235.    The lack of adequate supervision was a moving force behind and the legal cause of the constitutional violations that resulted in the deaths of Marcia May Pochette and Jenice Monique

Woods.

236.     As a direct and proximate result of Defendant City of West Palm Beach's failure to supervise, the wrongful death of the decedent is compensable under federal law.

237.     The Estate of Marcia May Pochette seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, survivor's mental pain and suffering, mental anguish, extreme grief and sorrow, loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Marcia May Pochette, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE as Personal Representative of the Estate of Marcia May Pochette, demands judgment against the CITY OF WEST PALM BEACH for compensatory damages, attorney's fees pursuant to 42 U.S.C. § 1988, costs, and any other relief this Court deems just and proper and demands a trial by jury on all issues so triable.

## COUNT XXVII (27)
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST THE CITY OF WEST PALM BEACH FOR THE WRONGFUL DEATH OF MARCIA MAY POCHETTE

238.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

239.     On July 30, 2024, the Defendant officers engaged in conduct that was negligent.

240.     Specifically, the Defendants initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, posing significant risks of serious bodily injury and death to the general public and motorists, particularly in congested areas.

241.     After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, the Defendant

Officers failed to remain at the scene, and failed to provide and/or summon medical assistance.

242.    The Defendant Officers conduct exhibited a failure to use reasonable care and a disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

243.    The actions, inactions and conduct of the involved and subject officers were negligent.

244.    The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by JUNEL POCHETTE upon his arrival at the tragic crash scene and/or hospital.

245.    As a direct result of the Defendant Officers' negligent and careless conduct, JUNEL POCHETTE suffered severe emotional distress.

246.    The conduct of the Defendants was negligent, and/or carried out with careless disregard of the probability of causing severe emotional distress and with careless disregard of human rights, safety and property.

WHEREFORE the Plaintiff, JUNEL POCHETTE as the Personal Representative of the Estate of Marcia May Pochette and as the surviving spouse of the decedent, demands judgment against the CITY OF WEST PALM BEACH for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

**COUNT XXVIII (28)**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST AUSTIN DANIELOVICH FOR THE WRONGFUL DEATH**
**OF MARCIA MAY POCHETTE**

247.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

248.     On July 30, 2024, the Defendant, AUSTIN DANIELOVICH, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

249.     Specifically, AUSTIN DANIELOVICH and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

250.     After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, AUSTIN DANIELOVICH and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

251.     AUSTIN DANIELOVICH and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

252.     This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths AUSTIN DANIELOVICH and the other Defendant Officers caused.

253.     The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash

2 or

and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by JUNEL POCHETTE upon his arrival at the tragic crash scene and/or hospital

254. As a direct result of AUSTIN DANIELOVICH's and the other Defendant Officers' extreme and outrageous reckless conduct, JUNEL POCHETTE suffered severe emotional distress.

255. The conduct by AUSTIN DANIELOVICH and the other Defendant Officers was intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard of human rights, safety and property.

WHEREFORE the Plaintiff, JUNEL POCHETTE as the Personal Representative of the Estate of Marcia May Pochette and as the surviving spouse of the decedent, demands judgment against AUSTIN DANIELOVICH for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

**COUNT XXIX (29)**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST PIERRE ETIENNE FOR THE WRONGFUL DEATH**
**OF MARCIA MAY POCHETTE**

256. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

257. On July 30, 2024, the Defendant, PIERRE ETIENNE, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

258. Specifically, PIERRE ETIENNE and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite

knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

259.    After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, PIERRE ETIENNE and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

260.    PIERRE ETIENNE and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

261.    This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths PIERRE ETIENNE and the other Defendant Officers caused.

262.    The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by JUNEL POCHETTE upon his arrival at the tragic crash scene and/or hospital

263.    As a direct result of PIERRE ETIENNE's and the other Defendant Officers' extreme and outrageous reckless conduct, JUNEL POCHETTE suffered severe emotional distress.

264.    The conduct by PIERRE ETIENNE and the other Defendant Officers was intentional and/or carried out with reckless disregard of the probability of causing severe emotional

distress and further carried out with wanton and willful disregard of human rights, safety and property.

WHEREFORE the Plaintiff, JUNEL POCHETTE as the Personal Representative of the Estate of Marcia May Pochette and as the surviving spouse of the decedent, demands judgment against PIERRE ETIENNE for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

**COUNT XXX (30)**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST CHRISTOPHER**
**REKDAHL FOR THE WRONGFUL DEATH OF MARCIA MAY POCHETTE**

265.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

266.    On July 30, 2024, the Defendant, CHRISTOPHER REKDAHL, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

267.    Specifically, CHRISTOPHER REKDAHL and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

268.    After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, CHRISTOPHER REKDAHL and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

269.     CHRISTOPHER REKDAHL and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

270.     This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths CHRISTOPHER REKDAHL and the other Defendant Officers caused.

271.     The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by JUNEL POCHETTE upon his arrival at the tragic crash scene and/or hospital

272.     As a direct result of CHRISTOPHER REKDAHL's and the other Defendant Officers' extreme and outrageous reckless conduct, JUNEL POCHETTE suffered severe emotional distress.

273.     The conduct by CHRISTOPHER REKDAHL and the other Defendant Officers was intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard for human rights, safety and property.

WHEREFORE the Plaintiff, JUNEL POCHETTE as the Personal Representative of the Estate of Marcia May Pochette and as the surviving spouse of the decedent, demands judgment against CHRISTOPHER REKDAHL for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The

Plaintiff further demands a jury trial.

## COUNT XXXI (31)
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST MICHAEL BORGEN FOR THE WRONGFUL DEATH
## OF MARCIA MAY POCHETTE

274.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

275.    On July 30, 2024, the Defendant, MICHAEL BORGEN, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

276.    Specifically, MICHAEL BORGEN and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

277.    After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, MICHAEL BORGEN and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

278.    MICHAEL BORGEN and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

279.    This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths MICHAEL BORGEN and the

other Defendant Officers caused.

280.    The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by JUNEL POCHETTE upon his arrival at the tragic crash scene and/or hospital

281.    As a direct result of MICHAEL BORGEN's and the other Defendant Officers' extreme and outrageous reckless conduct, JUNEL POCHETTE suffered severe emotional distress.

282.    The conduct by MICHAEL BORGEN and the other Defendant Officers was intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard for human rights, safety and property.

WHEREFORE the Plaintiff, JUNEL POCHETTE as the Personal Representative of the Estate of Marcia May Pochette and as the surviving spouse of the decedent, demands judgment against MICHAEL BORGEN for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

### COUNT XXXII (32)
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST WILLIAM LOAYZA FOR THE WRONGFUL DEATH
### OF MARCIA MAY POCHETTE

283.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

284.    On July 30, 2024, the Defendant, WILLIAM LOAYZA, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond

the bounds of decency tolerated in a civilized society.

285.   Specifically, WILLIAM LOAYZA and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

286.   After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, WILLIAM LOAYZA and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

287.   WILLIAM LOAYZA and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

288.   This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths WILLIAM LOAYZA and the other Defendant Officers caused.

289.   The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by JUNEL POCHETTE upon his arrival at the tragic crash scene and/or hospital

290.   As a direct result of WILLIAM LOAYZA's and the other Defendant Officers'

67

extreme and outrageous reckless conduct, JUNEL POCHETTE suffered severe emotional distress.

291.    The conduct by WILLIAM LOAYZA and the other Defendant Officers was intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard for human rights, safety and property.

WHEREFORE the Plaintiff, JUNEL POCHETTE as the Personal Representative of the Estate of Marcia May Pochette and as the surviving spouse of the decedent, demands judgment against WILLIAM LOAYZA for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

### COUNT XXXIII (33)
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST BRANDAN STEDFELT FOR THE WRONGFUL DEATH
### OF MARCIA MAY POCHETTE

292.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

293.    On July 30, 2024, the Defendant, BRANDAN STEDFELT, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

294.    Specifically, BRANDAN STEDFELT and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

295.    After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, BRANDAN

STEDFELT and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

296.    BRANDAN STEDFELT and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

297.    This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths BRANDAN STEDFELT and the other Defendant Officers caused.

298.    The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by JUNEL POCHETTE upon his arrival at the tragic crash scene and/or hospital

299.    As a direct result of BRANDAN STEDFELT's and the other Defendant Officers' extreme and outrageous reckless conduct, JUNEL POCHETTE suffered severe emotional distress.

300.    The conduct by BRANDAN STEDFELT and the other Defendant Officers was intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard for human rights, safety and property.

WHEREFORE the Plaintiff, JUNEL POCHETTE as the Personal Representative of the Estate of Marcia May Pochette and as the surviving spouse of the decedent, demands judgment

against BRANDAN STEDFELT for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

### COUNT XXXIV (34)
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST DARIEN THOMAS FOR THE WRONGFUL DEATH
### OF MARCIA MAY POCHETTE

301.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

302.    On July 30, 2024, the Defendant, DARIEN THOMAS, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

303.    Specifically, DARIEN THOMAS and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

304.    After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, DARIEN THOMAS and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

305.    DARIEN THOMAS and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

70

306.    This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths DARIEN THOMAS and the other Defendant Officers caused.

307.    The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by JUNEL POCHETTE upon his arrival at the tragic crash scene and/or hospital.

308.    As a direct result of DARIEN THOMAS's and the other Defendant Officers' extreme and outrageous reckless conduct, JUNEL POCHETTE suffered severe emotional distress.

309.    The conduct by DARIEN THOMAS and the other Defendant Officers was intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard for human rights, safety and property.

WHEREFORE the Plaintiff, JUNEL POCHETTE as the Personal Representative of the Estate of Marcia May Pochette and as the surviving spouse of the decedent, demands judgment against DARIEN THOMAS for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

**COUNT XXXV (35)**
**NEGLIGENT TRAINING AGAINST THE CITY OF WEST PALM BEACH**
**COGNIZABLE UNDER FLORIDA LAW FOR THE WRONGFUL DEATH OF**
**MARCIA MAY POCHETTE**

310.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

311.    Defendant CITY OF WEST PALM BEACH owed a duty to properly train its police officers in the safe, lawful, and reasonable execution of vehicular pursuits, emergency response, use of unmarked vehicles, activation of body-worn cameras, radio communications, and the duty to render or summon emergency medical assistance.

312.    The City knew or should have known that inadequate training in vehicular pursuits, ghost chases, post-crash abandonment, and concealment practices posed an unreasonable risk of death or serious bodily injury to the public.  The City had notice or constructive notice arising from repeated history of reckless vehicular pursuits and unmarked and low-profile vehicular pursuits resulting in serious bodily injury and death.

313.    Despite this knowledge, the City failed to provide adequate training regarding:

- lawful pursuit initiation and termination;
- prohibition of unmarked vehicle pursuits;
- required radio communication and supervision;
- mandatory body-worn camera activation;
- duty to render and summon emergency medical aid.

314.    The City's failure to adequately train its officers constituted negligence under Florida law.

315.    The negligent training of Defendant Officers DANIELOVICH, ETIENNE, REKDAHL, BORGEN, LOAYZA, STEDFELT, and THOMAS directly and proximately caused the unlawful pursuit, abandonment of the crash scene, and the wrongful death of MARCIA MAY POCHETTE.

316.    The Personal Representative of the Estate of MARCIA MAY POCHETTE seeks damages for the Estate and surviving spouse as a direct and proximate result of the Defendant

Officers' negligent actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Marcia May Pochette, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE, as personal representative of the Estate of MARCIA MAY POCHETTE, demands judgment against the CITY OF WEST PALM BEACH for compensatory damages for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

## COUNT XXXVI (36)
### NEGLIGENT SUPERVISION AGAINST THE CITY OF WEST PALM BEACH COGNIZABLE UNDER FLORIDA LAW FOR THE WRONGFUL DEATH OF MARCIA MAY POCHETTE

317.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

318.     Defendant CITY OF WEST PALM BEACH owed a duty to reasonably supervise, monitor, discipline, and control its police officers to prevent foreseeable harm to the public.

319.     The City knew or should have known that its officers were engaging in unauthorized ghost chases, concealment of pursuits, disabling body-worn cameras, and abandoning injured civilians following police-caused crashes.

320.     Despite such knowledge, the City failed to take corrective action, failed to discipline and also failed to implement supervisory safeguards to prevent recurrence.

321.     The City's failure to supervise constituted negligence under Florida law.

322.    The negligent supervision of Defendant Officers DANIELOVICH, ETIENNE, REKDAHL, BORGEN, LOAYZA, STEDFELT, and THOMAS was a direct and proximate cause of the fatal pursuit, abandonment, and wrongful death of MARCIA MAY POCHETTE.

323.    The Personal Representative of the Estate of Marcia May Pochette seeks damages for the Estate and surviving spouse as a direct and proximate result of the Defendant Officers' negligent actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Marcia May Pochette, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, JUNEL POCHETTE, as personal representative of the Estate of Marcia May Pochette, demands judgment against the CITY OF WEST PALM BEACH for compensatory damages for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

## CLAIMS BY AND FOR DEVIN WOODS, THE ESTATE OF JENICE MONIQUE WOODS AND SURVIVOR OF THE DECEDENT, JENICE MONIQUE WOODS

### COUNT XXXVII (37)
### WRONGFUL DEATH OF JENICE MONIQUE WODDS AGAINST THE CITY OF WEST PALM BEACH

324.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

325.    Plaintiff, DEVIN WOODS, is the duly appointed personal representative of the Estate of Jenice Monique Woods, deceased.

74

326.     On July 30, 2024, Jenice Monique Woods was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by officers of the West Palm Beach Police Department during an unauthorized pursuit.

327.     On July 30, 2024, the Defendant West Palm Beach Police Department Officers, all acting within the course and scope of their employment with the West Palm Beach Police Department, negligently and/or recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances. AUSTIN DANIELOVICH negligently and/or recklessly operated the involved fully marked black and white West Palm Beach Police Department patrol vehicle. PIERRE ETIENNE negligently and recklessly operated the involved unmarked West Palm Beach Police Department Dodge Durango SUV. CHRISTOPHER REKDAHL negligently and/or recklessly operated the involved unmarked West Palm Beach Police Department Dodge Ram pickup truck. MICHAEL BORGEN negligently and/or recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department Dodge Ram pickup truck driven by CHRISTOPHER REKDAHL. WILLIAM LOAYZA negligently and/or recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department Dodge Durango SUV driven by PIERRE ETIENNE. BRANDAN STEDFELT negligently and/or recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department fully marked black and white patrol vehicle driven by AUSTIN DANIELOVICH. DARIEN THOMAS negligently and/or recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department Dodge Ram pickup truck driven by CHRISTOPHER REKDAHL.

75

328.    The officers' negligent and/or reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Jenice Monique Woods.

329.    As a direct, legal and proximate result of the negligence and/or recklessness of the subject West Palm Beach Police Department Officers, Jenice Monique Woods was caused to suffer fatal injuries.

330.    The CITY OF WEST PALM BEACH is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Jenice Monique Woods due to the negligence of its employees and/or law enforcement officers.

331.    The Personal Representative of the Estate of Jenice Monique Woods seeks damages for the Estate and surviving spouse as a direct and proximate result of the Defendant Officers' negligent actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Jenice Monique Woods, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS, as personal representative of the Estate of Jenice Monique Woods, demands judgment against the CITY OF WEST PALM BEACH for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

### COUNT XXXVIII (38)
### WRONGFUL DEATH OF JENICE MONIQUE WOODS
### AGAINST AUSTIN DANIELOVICH

332.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

333.    Plaintiff, DEVIN WOODS, is the duly appointed personal representative of the Estate of Jenice Monique Woods, deceased.

334.    On July 30, 2024, Jenice Monique Woods was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by AUSTIN DANIELOVICH and other officers of the West Palm Beach Police Department during an unauthorized pursuit. AUSTIN DANIELOVICH negligently and recklessly operated the involved fully marked black and white West Palm Beach Police Department patrol vehicle.

335.    On July 30, 2024, the Defendant West Palm Beach Police Department Officer, AUSTIN DANIELOVICH, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

336.    AUSTIN DANEILOVICH's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Jenice Monique Woods.

337.    As a direct, legal and proximate result of the negligence and recklessness of AUSTIN DANILEOVICH, the decedent, Jenice Monique Woods was caused to suffer fatal injuries.

338.    AUSTIN DANIELOVICH is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Jenice Monique

Woods due to his actions, inactions and conduct rising to the level of and/or exhibiting wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

339.    The Personal Representative of the Estate of Jenice Monique Woods seeks damages for the Estate and surviving spouse as a direct and proximate result of AUSTIN DANIELOVICH's negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Jenice Monique Woods, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS, as personal representative of the Estate of Jenice Monique Woods, demands judgment against AUSTIN DANIELOVICH for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

## COUNT XXXIX (39)
## WRONGFUL DEATH OF JENICE MONIQUE WOODS
## AGAINST PIERRE ETIENNE

340.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

341.    Plaintiff, DEVIN WOODS, is the duly appointed personal representative of the Estate of Jenice Monique Woods, deceased.

342.    On July 30, 2024, Jenice Monique Woods was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by PIERRE ETIENNE and other officers of the West Palm Beach Police Department

78

during an unauthorized pursuit. PIERRE ETIENNE negligently and recklessly operated the involved unmarked West Palm Beach Police Department Dodge Durango SUV.

343. On July 30, 2024, the Defendant West Palm Beach Police Department Officer, PIERRE ETIENNE, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

344. PIERRE ETIENNE's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Jenice Monique Woods.

345. As a direct, legal and proximate result of the negligence and recklessness of PIERRE ETIENNE, the decedent, Jenice Monique Woods was caused to suffer fatal injuries.

346. PIERRE ETIENNE is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Jenice Monique Woods due to his actions, inactions and conduct rising to the level of wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

347. The Personal Representative of the Estate of Jenice Monique Woods seeks damages for the Estate and surviving spouse as a direct and proximate result of PIERRE ETIENNE's negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Jenice Monique Woods, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS, as personal representative of the Estate of Jenice Monique Woods, demands judgment against PIERRE ETIENNE for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

**COUNT XL (40)**
**WRONGFUL DEATH OF JENICE MONIQUE WOODS**
**AGAINST CHRISTOPHER REKDAHL**

348.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

349.    Plaintiff, DEVIN WOODS, is the duly appointed personal representative of the Estate of Jenice Monique Woods, deceased.

350.    On July 30, 2024, Jenice Monique Woods was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by CHRISTOPHER REKDAHL and other officers of the West Palm Beach Police Department during an unauthorized pursuit. CHRISTOPHER REKDAHL negligently and recklessly operated the involved West Palm Beach Police Department unmarked Dodge Ram pickup truck.

351.    On July 30, 2024, the Defendant West Palm Beach Police Department Officer, CHRISTOPHER REKDAHL, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

352.    CHRISTOPHER REKDAHL's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians,

including Jenice Monique Woods.

353.  As a direct, legal and proximate result of the negligence and recklessness of CHRISTOPHER REKDAHL, the decedent, Jenice Monique Woods was caused to suffer fatal injuries.

354.  CHRISTOPHER REKDAHL is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Jenice Monique Woods due to his actions, inactions and conduct rising to the level of wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

355.  The Personal Representative of the Estate of Jenice Monique Woods seeks damages for the Estate and surviving spouse as a direct and proximate result of CHRISTOPHER REKDAHL's negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Jenice Monique Woods, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS, as personal representative of the Estate of Jenice Monique Woods, demands judgment against CHRISTOPHER REKDAHL for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

**COUNT XLI (41)**
**WRONGFUL DEATH OF JENICE MONIQUE WOODS**
**AGAINST MICHAEL BORGEN**

356.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

357.     Plaintiff, DEVIN WOODS, is the duly appointed personal representative of the Estate of Jenice Monique Woods, deceased.

358.     On July 30, 2024, Jenice Monique Woods was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by MICHAEL BORGEN and other officers of the West Palm Beach Police Department during an unauthorized pursuit. MICHAEL BORGEN negligently and recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department Dodge Ram pickup truck driven by CHRISTOPHER REKDAHL.

359.     On July 30, 2024, the Defendant West Palm Beach Police Department Officer, MICHAEL BORGEN, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

360.     MICHAEL BORGEN's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Jenice Monique Woods.

361.     As a direct, legal and proximate result of the negligence and recklessness of MICHAEL BORGEN, the decedent, Jenice Monique Woods was caused to suffer fatal injuries.

362.     MICHAEL BORGEN is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Jenice Monique Woods due to his actions, inactions and conduct rising to the level of wanton and willful disregard

of human rights, safety, property and the well-being of others and/or due to his recklessness.

363.    The Personal Representative of the Estate of Jenice Monique Woods seeks damages

for the Estate and surviving spouse as a direct and proximate result of MICHAEL BORGEN's

negligent and reckless actions and inactions to include, but not limited to: severe mental pain and

suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's

companionship, guidance, consortium and protection, and the loss of support and services

previously provided by Jenice Monique Woods, lost wages, funeral, burial and travel expenses

and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS, as personal representative of the Estate of

Jenice Monique Woods, demands judgment against MICHAEL BORGEN for damages

recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees

and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

**COUNT XLII (42)**
**WRONGFUL DEATH OF JENICE MONIQUE WOODS**
**AGAINST WILLIAM LOAYZA**

364.    Plaintiff realleges and incorporates by reference the allegations set forth in

paragraphs 1-57 of this Complaint as if fully set forth herein.

365.    Plaintiff, DEVINN WOODS, is the duly appointed personal representative of the

Estate of Jenice Monique Woods, deceased.

366.    On July 30, 2024, Jenice Monique Woods was lawfully traveling in a motor vehicle

when she was killed because of a high-speed collision negligently and/or recklessly created and

caused by WILLIAM LOAYZA and other officers of the West Palm Beach Police Department

during an unauthorized pursuit. WILLIAM LOAYZA negligently and recklessly participated in

the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach

Police Department Dodge Durango SUV driven by PIERRE ETIENNE.

367.     On July 30, 2024, the Defendant West Palm Beach Police Department Officer, WILLIAM LOAYZA, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

368.     WILLIAM LOAYZA's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Jenice Monique Woods.

369.     As a direct, legal and proximate result of the negligence and recklessness of WILLIAM LOAYZA, the decedent, Jenice Monique Woods was caused to suffer fatal injuries.

370.     WILLIAM LOAYZA is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Jenice Monique Woods due to his actions, inactions and conduct rising to the level of wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

371.     The Personal Representative of the Estate of Jenice Monique Woods seeks damages for the Estate and surviving spouse as a direct and proximate result of WILLIAM LOAYZA's negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Jenice Monique Woods, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS, as personal representative of the Estate of

Jenice Monique Woods, demands judgment against WILLIAM LOAYZA for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

**COUNT XLIII (43)**
**WRONGFUL DEATH OF JENICE MONIQUE WOODS**
**AGAINST BRANDAN STEDFELT**

372.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

373.    Plaintiff, DEVIN WOODS, is the duly appointed personal representative of the Estate of Jenice Monique Woods, deceased.

374.    On July 30, 2024, Jenice Monique Woods was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by BRANDAN STEDFELT and other officers of the West Palm Beach Police Department during an unauthorized pursuit. BRANDAN STEDFELT negligently and recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department fully marked black and white patrol vehicle driven by AUSTIN DANIELOVICH.

375.    On July 30, 2024, the Defendant West Palm Beach Police Department Officer, BRANDAN STEDFELT, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

376.    BRANDAN STEDFELT's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including

Jenice Monique Woods.

377.    As a direct, legal and proximate result of the negligence and recklessness of BRANDAN STEDFELT, the decedent, Jenice Monique Woods was caused to suffer fatal injuries.

378.    BRANDAN STEDFELT is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Jenice Monique Woods due to his actions, inactions and conduct rising to the level of wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

379.    The Personal Representative of the Estate of Jenice Monique Woods seeks damages for the Estate and surviving spouse as a direct and proximate result of BRANDAN STEDFELT's negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Jenice Monique Woods, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS, as personal representative of the Estate of Jenice Monique Woods, demands judgment against BRANDAN STEDFELT for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

## COUNT XLIV (44)
## WRONGFUL DEATH OF JENICE MONIQUE WOODS
## AGAINST DARIEN THOMAS

380.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

381.    Plaintiff, DEVIN WOODS, is the duly appointed personal representative of the

86

Estate of Jenice Monique Woods, deceased.

382.    On July 30, 2024, Jenice Monique Woods was lawfully traveling in a motor vehicle when she was killed because of a high-speed collision negligently and/or recklessly created and caused by DARIEN THOMAS and other officers of the West Palm Beach Police Department during an unauthorized pursuit. DARIEN THOMAS negligently and recklessly participated in the unauthorized high-speed vehicular pursuit as a passenger in the involved West Palm Beach Police Department Dodge Ram pickup truck driven by CHRISTOPHER REKDAHL.

383.    On July 30, 2024, the Defendant West Palm Beach Police Department Officer, DARIEN THOMAS, acting within the course and scope of his employment with the West Palm Beach Police Department, negligently and recklessly initiated, participated in and engaged in a high-speed vehicular pursuit in direct violation of departmental policy prohibiting such actions under the circumstances.

384.    DARIEN THOMAS's negligent and reckless actions, inactions and conduct created a foreseeable and proximate risk of serious injury and death to innocent civilians, including Jenice Monique Woods.

385.    As a direct, legal and proximate result of the negligence and recklessness of DARIEN THOMAS, the decedent, Jenice Monique Woods was caused to suffer fatal injuries.

386.    DARIEN THOMAS is responsible and liable pursuant to Florida's Wrongful Death Act, §§ 768.16–768.26 and § 768.28, Fla. Stat., for the wrongful death of Jenice Monique Woods due to his actions, inactions and conduct rising to the level of wanton and willful disregard of human rights, safety, property and the well-being of others and/or due to his recklessness.

387.    The Personal Representative of the Estate of Jenice Monique Woods seeks damages for the Estate and surviving spouse as a direct and proximate result of DARIEN THOMAS's

negligent and reckless actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Jenice Monique Woods, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS, as personal representative of the Estate of Jenice Monique Woods, demands judgment against DARIEN THOMAS for damages recoverable under the Florida Wrongful Death Act for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

**COUNT XLV (45)**
**FAILURE TO RENDER AID TO JENICE MONIQUE WOODS AGAINST THE CITY OF WEST PALM BEACH AS COGNIZABLE UNDER FLORIDA LAW**

388.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

389.     On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

390.     Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, the Defendant Officers deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. The Defendant Officers had a duty to render medical aid and assistance. The officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

391.     The Defendant Officers' failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

392.     The Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so.

393.     The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of the Defendant Officers' deliberate, willful and negligent failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, demands judgment for the Estate and survivor against the CITY OF WEST PALM BEACH for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

## COUNT XLVI (46)
### FAILURE TO RENDER AID TO JENICE MONIQUE WOODS AGAINST AUSTIN DANIELOVICH AS COGNIZABLE UNDER FLORIDA LAW

394.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

395.     On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

396.    Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, AUSTIN DANIELOVICH deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. AUSTIN DANIELOVICH and the Defendant Officers had a duty to render medical aid and assistance.   AUSTIN DANIELOVICH and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

397.    AUSTIN DANIELOVICH's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

398.    AUSTIN DANIELOVICH and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety.

399.    The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of AUSTIN DANIELOVICH's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, demands judgment for the Estate and survivor against AUSTIN

DANIELOVICH for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

### COUNT XLVII (47)
### FAILURE TO RENDER AID TO JENICE MONIQUE WOODS AGAINST PIERRE ETIENNE AS COGNIZABLE UNDER FLORIDA LAW

400.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

401.     On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

402.     Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, PIERRE ETINNE deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. PIERRE ETIENNE and the Defendant Officers had a duty to render medical aid and assistance. PIERRE ETIENNE and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

403.     PIERRE ETIENNE's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

404.     PIERRE ETIENNE and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety.

405.     The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of PIERRE ETIENNE's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, demands judgment for the Estate and survivor against PIERRE ETIENNE for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

**COUNT XLVIII (48)**
**FAILURE TO RENDER AID TO JENICE MONIQUE WOODS AGAINST**
**CHRISTOPHER REKDAHL AS COGNIZABLE UNDER FLORIDA LAW**

406.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

407.     On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

408.     Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, CHRISTOPHER REKDAHL deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. CHRISTOPHER REKDAHL and the Defendant Officers had a duty to render medical aid and assistance. CHRISTOPHER REKDAHL and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio

communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

409.    CHRISTOPHER REKDAHL's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

410.    CHRISTOPHER REKDAHL and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety.

411.    The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of CHRISTOPHER REKDAHL's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, demands judgment for the Estate and survivor against CHRISTOPHER REKDAHL for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

## COUNT XLIX (49)
## FAILURE TO RENDER AID TO JENICE MONIQUE WOODS AGAINST MICHAEL BORGEN AS COGNIZABLE UNDER FLORIDA LAW

412.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

93

413.    On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

414.    Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, MICHAEL BORGEN deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. MICHAEL BORGEN and the Defendant Officers had a duty to render medical aid and assistance. MICHAEL BORGEN and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

415.    MICHAEL BORGEN's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

416.    MICHAEL BORGEN and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety.

417.    The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of MICHAEL BORGEN's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

94

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, demands judgment for the Estate and survivor against MICHAEL BORGEN for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

### COUNT L (50)
### FAILURE TO RENDER AID TO JENICE MONIQUE WOODS AGAINST WILLIAM LOAYZA AS COGNIZABLE UNDER FLORIDA LAW

418.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

419.    On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

420.    Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, WILLIAM LOAYZA deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. WILLIAM LOAYZA and the Defendant Officers had a duty to render medical aid and assistance. WILLIAM LOAYZA and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

421.    WILLIAM LOAYZA's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

422.    WILLIAM LOAYZA and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting

injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety.

423.    The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of WILLIAM LOAYZA's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, demands judgment for the Estate and survivor against WILLIAM LOAYZA for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

**COUNT LI (51)**
**FAILURE TO RENDER AID TO JENICE MONIQUE WOODS AGAINST BRANDAN STEDFELT AS COGNIZABLE UNDER FLORIDA LAW**

424.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

425.    On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

426.    Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, BRANDAN STEDFELT deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. BRANDAN STEDFELT and the Defendant Officers had a duty to render medical aid and

96

assistance. BRANDAN STEDFELT and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

427.    BRANDAN STEDFELT's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

428.    BRANDAN STEDFELT and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety.

429.    The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of BRANDAN STEDFELT's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, demands judgment for the Estate and survivor against BRANDAN STEDFELT for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

**COUNT LII (52)**
**FAILURE TO RENDER AID TO JENICE MONIQUE WOODS AGAINST DARIEN**
**THOMAS AS COGNIZABLE UNDER FLORIDA LAW**

430. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

431. On July 30, 2024, the Defendant West Palm Beach Police Department Officers caused a fatal motor vehicle collision by their own unlawful pursuit yet failed to provide and/or request/summon emergency medical services to Marcia May Pochette and Jenice Monique Woods.

432. Despite knowing Marcia May Pochette and Jenice Monique Woods sustained serious and/or life-threatening injuries, DARIEN THOMAS deliberately failed to act, stop and/or provide aid, in contravention of both departmental training and department policy. DARIEN THOMAS and the Defendant Officers had a duty to render medical aid and assistance. DARIEN THOMAS and the Defendant Officers breached this duty by deliberately and willfully disengaging their required body-worn cameras, avoiding radio communication, and failing to report the fatal incident involving Marcia May Pochette and Jenice Monique Woods.

433. DARIEN THOMAS's failure to act and/or render aid resulted in Marcia's and Jenice's medical conditions worsening, leading to their immense suffering and was a direct, legal and proximate cause of their deaths.

434. DARIEN THOMAS and the Defendant Officers owed a duty to provide medical aid and assistance or secure such help once they caused and observed the crash and resulting injuries leading to death and had the means, opportunity and authority to do so. Instead, they acted in a manner exhibiting wanton and willful disregard for human rights and safety.

435. The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of DARIEN THOMAS's deliberate, willful and reckless failure to render any medical aid following the collision including but not limited to: extreme mental pain and suffering, mental anguish, grief, sorrow, the loss of the decedent's companionship, guidance, and protection, and the

loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, demands judgment for the Estate and survivor against DARIEN THOMAS for compensatory damages, together with fees and costs and further relief as appropriate. The Plaintiff demands a jury trial.

**COUNT LIII (53)**
**CLAIM AGAINST THE CITY OF WEST PALM BEACH COGNIZABLE UNDER 42 U.S.C. § 1983 FOR THE WRONGFUL DEATH OF JENICE MONIQUE WOODS**

436.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

437.    The City of West Palm Beach maintained a repeated practice of permitting "ghost chases" and also high-speed pursuits wherein officers evaded official policies during vehicular pursuit by reckless operation of motor vehicles and/or failing to activate or utilize emergency lights, sirens, or radio transmissions.

438.    The West Palm Beach Police Department has maintained and permitted a widespread custom and practice of authorizing or acquiescing to unmarked, high-risk and/or reckless vehicular pursuits. In addition, the West Palm Beach Police Department's failure to enforce vehicular pursuit policy, train and supervise officer conduct, or discipline for repeated violations constitutes a municipal custom or policy under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

439.    The West Palm Beach Police Department's policy or practice was a moving force behind the constitutional violations contributing to and causing the wrongful deaths of Marcia May Pochette and Jenice Monique Woods.

440.     The City's deliberate indifference to the risk of injury and death resulting from the practice of authorizing or acquiescing to unmarked, high-risk or reckless vehicular pursuits; failing to enforce its vehicular pursuit policy; failing to train and supervise officer conduct; and/or failing to discipline for repeated violations resulting in unauthorized pursuits, gives rise to municipal liability cognizable under 42 U.S.C. § 1983.

441.     The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, survivor's mental pain and suffering, mental anguish, extreme grief and sorrow, loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods and as the surviving husband of Marcia May Pochette, demands judgment against the CITY OF WEST PALM BEACH for all damages allowed under 42 U.S.C. § 1983, and reasonable attorneys' fees under § 1988.

## COUNT LIV (54)
## CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST AUSTIN DANIELOVICH FOR THE WRONGFUL DEATH OF JENICE MONIQUE WOODS COGNIZABLE UNDER 42 U.S.C. § 1983

442.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

443.     AUSTIN DANIELOVICH and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting

the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

444.    This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

445.    As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

446.    The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against AUSTIN DANIELOVICH. Plaintiff further

101

demands a jury trial.

## COUNT LV (55)
## CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST PIERRE ETIENNE FOR THE WRONGFUL DEATH OF JENICE MONIQUE WOODS COGNIZABLE UNDER 42 U.S.C. § 1983

447.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

448.    PIERRE ETIENNE and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

449.    This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

450.    As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

451.    The Estate of Jenice Monique Woods seeks damages as a direct and proximate

102

result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against PIERRE ETIENNE. Plaintiff further demands a jury trial.

**COUNT LVI (56)**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST CHRISTOPHER REKDAHL**
**FOR THE WRONGFUL DEATH OF JENICE MONIQUE WOODS**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

452.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

453.     CHRISTOPHER REKDAHL and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and

coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

454.    This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

455.    As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

456.    The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against CHRISTOPHER REKDAHL. Plaintiff further demands a jury trial.

**COUNT LVII (57)**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST MICHAEL BORGEN FOR**
**THE WRONGFUL DEATH OF JENICE MONIQUE WOODS**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

457.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

458.    MICHAEL BORGEN and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit,

104

disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

459.    This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

460.    As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

461.    The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, seeks compensatory and exemplary damages, attorneys' fees, and any

other relief the Court deems just and proper against MICHAEL BORGEN. Plaintiff further demands a jury trial.

## COUNT LVIII (58)
## CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST WILLIAM LOAYZA FOR THE WRONGFUL DEATH OF JENICE MONIQUE WOODS COGNIZABLE UNDER 42 U.S.C. § 1983

462.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

463.    WILLIAM LOAYZA and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

464.    This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

465.    As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

466.    The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against WILLIAM LOAYZA. Plaintiff further demands a jury trial.

**COUNT LIX (59)**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST BRANDAN STEDFELT FOR**
**THE WRONGFUL DEATH OF JENICE MONIQUE WOODS**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

467.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

468.    BRANDAN STEDFELT and the other subject Defendant Officers reached an understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash,

abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

469.    This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

470.    As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

471.    The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against BRANDAN STEDFELT. Plaintiff further demands a jury trial.

**COUNT LX (60)**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST DARIEN THOMAS FOR THE WRONGFUL DEATH OF JENICE MONIQUE WOODS COGNIZABLE UNDER 42 U.S.C. § 1983**

472.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

473.    DARIEN THOMAS and the other subject Defendant Officers reached an

understanding and agreement, either explicitly or implicitly, to initiate an unauthorized pursuit, disengage required body-worn cameras, avoid radio communication, and refrain from reporting the fatal incident involving Marcia May Pochette and Jenice Monique Woods. In furtherance of their unlawful conspiracy to violate Plaintiffs' clearly established constitutional rights, Defendants intentionally initiated and continued an unauthorized high-risk vehicular pursuit using low profile and unmarked vehicles, deliberately disengaged or failed to activate body-worn cameras, knowingly avoided radio and supervisory communications to prevent monitoring and termination of the pursuit, failed to report and affirmatively concealed the pursuit and resulting fatal crash, abandoned injured civilians without rendering or summoning emergency medical aid, and coordinated false and misleading omissions and non-reporting to conceal their unconstitutional conduct and evade accountability.

474.    This agreement and coordinated inaction violated and was deliberately indifferent to Plaintiffs' constitutional rights.

475.    As a result of Defendants' actions, the decedents endured immense physical suffering from their injuries, which contributed to and caused their death that otherwise may have been preventable.

476.    The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, mental pain and suffering of the survivor, loss of the decedent's companionship, guidance, and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of

109

Jenice Monique Woods, seeks compensatory and exemplary damages, attorneys' fees, and any other relief the Court deems just and proper against DARIEN THOMAS. Plaintiff further demands a jury trial.

**COUNT LXI (61)**
**FAILURE TO TRAIN AGAINST THE CITY OF WEST PALM BEACH COGNIZABLE**
**UNDER 42 U.S.C. § 1983 FOR THE WRONGFUL DEATH OF**
**JENICE MONIQUE WOODS**

477.    Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

478.    At all material times, the individually named Defendant Officers were employees of Defendant CITY OF WEST PALM BEACH, acting under color of state law and within the course and scope of their employment.

479.    Defendant CITY OF WEST PALM BEACH had a duty to adequately train its police officers, including Defendants AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN THOMAS, to prevent the violation of constitutional rights.

480.    Defendant CITY OF WEST PALM BEACH failed to properly train its officers in the implementation of (a). the department's vehicular pursuit policy and the prohibition against pursuit in unmarked vehicles and high-speed chases for nonviolent offenses; (b). the use and activation of body-worn cameras and radio communication during pursuits; and (c). the duty to render or summon emergency medical assistance at the scene of a crash.

481.    The failure to train regarding the implementation of the City's vehicular pursuit policy resulted in the City's deliberate indifference to the known or obvious consequences of such failure, including the risk that its officers would engage in unconstitutional conduct.

110

482.    The manner in which the City implemented or failed to implement its pursuit policies resulted in a custom, and practice of authorizing, tolerating, and acquiescing unauthorized, low-profile and high-risk vehicular pursuits, including the use of unmarked vehicles, ghost chases, non-radio pursuits, failure to activate body-worn cameras, and failure to render or summon emergency medical aid after crashes.

483.    The City had actual and constructive notice of this pattern of unconstitutional conduct by its officers involving unauthorized vehicular pursuits, concealment of pursuit activity, and post-crash abandonment of injured civilians, as demonstrated by prior internal affairs investigations, public records, citizen complaints, litigation, and repeated serious-injury and fatality incidents.

484.    Despite this notice, the City failed to implement adequate training to enforce its policies regarding:

- lawful vehicular pursuit limitations,
- radio communication and supervisory notification,
- body-worn camera activation,
- duty to render emergency medical aid,
- termination of pursuits when public danger outweighs law-enforcement need.

485.    The City's failure to train constituted deliberate indifference to the constitutional rights of the public, including Marcia May Pochette and Jenice Monique Woods.

486.    The City's deliberately indifferent training failures were the moving force behind the unconstitutional conduct of the Defendant Officers and the resulting fatal pursuit, abandonment, and deaths of both decedents.

487.    This deliberate indifference is evidenced by prior complaints, documented incidents, or patterns of misconduct involving the City's officers and its failure to take remedial

or corrective action.

488.     The lack of adequate training was a moving force behind and the legal cause of the constitutional violations that resulted in the deaths of Marcia May Pochette and Jenice Monique Woods.

489.     As a direct and proximate result of Defendant City of West Palm Beach's failure to train, the wrongful death of the decedent is compensable under federal law.

490.     The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, survivor's mental pain and suffering, mental anguish, extreme grief and sorrow, loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, demands judgment against the CITY OF WEST PALM BEACH for compensatory damages, attorney's fees pursuant to 42 U.S.C. § 1988, costs, and any other relief this Court deems just and proper and demands a trial by jury on all issues so triable.

**COUNT LXII (62)**
**FAILURE TO SUPERVISE AGAINST THE CITY OF WEST PALM BEACH**
**COGNIZABLE UNDER 42 U.S.C. § 1983 FOR THE WRONGFUL DEATH OF JENICE**
**MONIQUE WOODS**

491.     Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

492.     At all material times, the individually named Defendant Officers were employees of Defendant CITY OF WEST PALM BEACH, acting under color of state law and within the

course and scope of their employment.

493. Defendant CITY OF WEST PALM BEACH had a duty to adequately supervise, discipline and control its police officers, including Defendants AUSTIN DANIELOVICH, PIERRE ETIENNE, CHRISTOPHER REKDAHL, MICHAEL BORGEN, WILLIAM LOAYZA, BRANDAN STEDFELT, and DARIEN THOMAS, to prevent the violation of constitutional rights.

494. Defendant CITY OF WEST PALM BEACH failed to properly supervise its officers to ensure compliance with (a). the department's vehicular pursuit policy and the prohibition against pursuit in unmarked vehicles, low-profile and high-speed chases for nonviolent offenses; (b). the use and activation of body-worn cameras and radio communication during pursuits; and (c). the duty to render or summon emergency medical assistance at the scene of a crash.

495. The failure to supervise resulted in the City's deliberate indifference to the known or obvious consequences of such failure, including the risk that its officers would engage in unconstitutional conduct.

496. Defendant City of West Palm Beach had a constitutional duty to adequately supervise, discipline, and control its police officers to prevent violations of constitutional rights.

497. The City maintained a custom and practice of failing to supervise and discipline officers who engaged in unauthorized vehicular pursuits, ghost chases, concealment of pursuits, and abandonment of injured civilians following police-caused crashes.

498. The City had actual and constructive notice of these unconstitutional practices through repeated serious-injury crashes, fatalities, internal affairs investigations, and citizen complaints.

113

499. Despite such notice, the City failed to take corrective or remedial action, failed to impose discipline, and failed to implement supervisory safeguards to prevent recurrence.

500. The City's failure to supervise constituted deliberate indifference to the constitutional rights of Marcia May Pochette, Jenice Monique Woods, and the public at large. Moreover, the City's deliberately indifferent supervision failures were the moving force behind the unconstitutional pursuit, abandonment, and deaths of the decedents.

501. This deliberate indifference is evidenced by prior complaints, documented incidents, or patterns of misconduct involving the City's officers and its failure to maintain oversight, take remedial or corrective action.

502. The lack of adequate supervision was a moving force behind and the legal cause of the constitutional violations that resulted in the deaths of Marcia May Pochette and Jenice Monique Woods.

503. As a direct and proximate result of Defendant City of West Palm Beach's failure to supervise, the wrongful death of the decedent is compensable under federal law.

504. The Estate of Jenice Monique Woods seeks damages as a direct and proximate result of the Defendant Officers' actions including but not limited to: the decedent's conscious pain and suffering until death, survivor's mental pain and suffering, mental anguish, extreme grief and sorrow, loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Jenice Monique Woods, funeral and burial expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS as Personal Representative of the Estate of Jenice Monique Woods, demands judgment against the CITY OF WEST PALM BEACH for

114

compensatory damages, attorney's fees pursuant to 42 U.S.C. § 1988, costs, and any other relief this Court deems just and proper and demands a trial by jury on all issues so triable.

### COUNT LXIII (63)
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST THE CITY OF WEST PALM BEACH FOR THE WRONGFUL DEATH OF JENICE MONIQUE WOODS

505.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

506.    On July 30, 2024, the Defendant officers engaged in conduct that was negligent.

507.    Specifically, the Defendants initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, posing significant risks of serious bodily injury and death to the general public and motorists, particularly in congested areas.

508.    After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, the Defendant Officers failed to remain at the scene, and failed to provide and/or summon medical assistance.

509.    The Defendant Officers conduct exhibited a failure to use reasonable care and a disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

510.    The actions, inactions and conduct of the subject and involved officers were negligent.

511.    The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by DEVIN WOODS upon his arrival to the tragic crash scene and/or hospital.

115

512. As a direct result of the Defendant Officers' careless conduct, DEVIN WOODS suffered severe emotional distress.

513. The conduct of the Defendants was negligent, and/or carried out with careless disregard of the probability of causing severe emotional distress, and with careless disregard of human rights, safety and property.

WHEREFORE the Plaintiff, DEVIN WOODS as the Personal Representative of the Estate of Jenice Monique Woods and as the surviving spouse of the decedent, demands judgment against the CITY OF WEST PALM BEACH for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

**COUNT LXIV (64)**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST AUSTIN DANIELOVICH FOR THE WRONGFUL DEATH**
**OF JENICE MONIQUE WOODS**

514. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

515. On July 30, 2024, the Defendant, AUSTIN DANIELOVICH, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

516. Specifically, AUSTIN DANIELOVICH and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

517. After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, AUSTIN

DANIELOVICH and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

518.    AUSTIN DANIELOVICH and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

519.    This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths AUSTIN DANIELOVICH and the other Defendant Officers caused.

520.    The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by DEVIN WOODS upon his arrival at the tragic crash scene and/or hospital

521.    As a direct result of AUSTIN DANIELOVICH's and the other Defendant Officers' extreme and outrageous reckless conduct, DEVIN WOODS suffered severe emotional distress.

522.    The conduct by AUSTIN DANIELOVICH and the other Defendant Officers was negligent, intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard for human rights, safety and property.

WHEREFORE the Plaintiff, DEVIN WOODS as the Personal Representative of the Estate of Jenice Monique Woods and as the surviving spouse of the decedent, demands judgment against

117

AUSTIN DANIELOVICH for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

**COUNT LXV (65)**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST PIERRE ETIENNE FOR THE WRONGFUL DEATH**
**OF JENICE MONIQUE WOODS**

523.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

524.    On July 30, 2024, the Defendant, PIERRE ETIENNE, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

525.    Specifically, PIERRE ETIENNE and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

526.    After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, PIERRE ETIENNE and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

527.    PIERRE ETIENNE and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

528.     This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths PIERRE ETIENNE and the other Defendant Officers caused.

529.     The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by DEVIN WOODS upon his arrival at the tragic crash scene and/or hospital

530.     As a direct result of PIERRE ETIENNE's and the other Defendant Officers' extreme and outrageous reckless conduct, DEVIN WOODS suffered severe emotional distress.

531.     The conduct by PIERRE ETIENNE and the other Defendant Officers was negligent, intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard of human rights, safety and property.

WHEREFORE the Plaintiff, DEVIN WOODS as the Personal Representative of the Estate of Jenice Monique Woods and as the surviving spouse of the decedent, demands judgment against PIERRE ETIENNE for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

### COUNT LXVI (66)
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST CHRISTOPHER REKDAHL FOR THE WRONGFUL DEATH OF JENICE MONIQUE WOODS

532.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

119

533.    On July 30, 2024, the Defendant, CHRISTOPHER REKDAHL, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

534.    Specifically, CHRISTOPHER REKDAHL and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

535.    After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, CHRISTOPHER REKDAHL and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

536.    CHRISTOPHER REKDAHL and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

537.    This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths CHRISTOPHER REKDAHL and the other Defendant Officers caused.

538.    The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by DEVIN WOODS upon his arrival at the tragic crash

scene and/or hospital

539. As a direct result of CHRISTOPHER REKDAHL's and the other Defendant Officers' extreme and outrageous reckless conduct, DEVIN WOODS suffered severe emotional distress.

540. The conduct by CHRISTOPHER REKDAHL and the other Defendant Officers was negligent, intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard for human rights, safety and property.

WHEREFORE the Plaintiff, DEVIN WOODS as the Personal Representative of the Estate of Jenice Monique Woods and as the surviving spouse of the decedent, demands judgment against CHRISTOPHER REKDAHL for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

## COUNT LXVII (67)
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST MICHAEL BORGEN FOR THE WRONGFUL DEATH
### OF JENICE MONIQUE WOODS

541. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

542. On July 30, 2024, the Defendant, MICHAEL BORGEN, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

543. Specifically, MICHAEL BORGEN and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public,

121

particularly in congested areas.

544. After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, MICHAEL BORGEN and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

545. MICHAEL BORGEN and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

546. This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths MICHAEL BORGEN and the other Defendant Officers caused.

547. The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by DEVIN WOODS upon his arrival at the tragic crash scene and/or hospital

548. As a direct result of MICHAEL BORGEN's and the other Defendant Officers' extreme and outrageous reckless conduct, DEVIN WOODS suffered severe emotional distress.

549. The conduct by MICHAEL BORGEN and the other Defendant Officers was negligent, intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard for human rights,

122

safety and property.

WHEREFORE the Plaintiff, DEVIN WOODS as the Personal Representative of the Estate of Jenice Monique Woods and as the surviving spouse of the decedent, demands judgment against MICHAEL BORGEN for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

**COUNT LXVIII (68)**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST WILLIAM LOAYZA FOR THE WRONGFUL DEATH**
**OF JENICE MONIQUE WOODS**

550.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

551.    On July 30, 2024, the Defendant, WILLIAM LOAYZA, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

552.    Specifically, WILLIAM LOAYZA and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

553.    After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, WILLIAM LOAYZA and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

554.    WILLIAM LOAYZA and the other Defendant Officers conduct exhibited

deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

555.    This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths WILLIAM LOAYZA and the other Defendant Officers caused.

556.    The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by DEVIN WOODS upon his arrival at the tragic crash scene and/or hospital

557.    As a direct result of WILLIAM LOAYZA's and the other Defendant Officers' extreme and outrageous reckless conduct, DEVIN WOODS suffered severe emotional distress.

558.    The conduct by WILLIAM LOAYZA and the other Defendant Officers was negligent, intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard for human rights, safety and property.

WHEREFORE the Plaintiff, DEVIN WOODS as the Personal Representative of the Estate of Jenice Monique Woods and as the surviving spouse of the decedent, demands judgment against WILLIAM LOAYZA for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

124

## COUNT LXIX (69)
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST BRANDAN STEDFELT FOR THE WRONGFUL DEATH
## OF JENICE MONIQUE WOODS

559. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

560. On July 30, 2024, the Defendant, BRANDAN STEDFELT, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

561. Specifically, BRANDAN STEDFELT and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

562. After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, BRANDAN STEDFELT and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

563. BRANDAN STEDFELT and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

564. This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths BRANDAN STEDFELT and the other Defendant Officers caused.

565.     The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by DEVIN WOODS upon his arrival at the tragic crash scene and/or hospital

566.     As a direct result of BRANDAN STEDFELT's and the other Defendant Officers' extreme and outrageous reckless conduct, DEVIN WOODS suffered severe emotional distress.

567.     The conduct by BRANDAN STEDFELT and the other Defendant Officers was negligent, intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard for human rights, safety and property.

WHEREFORE the Plaintiff, DEVIN WOODS as the Personal Representative of the Estate of Jenice Monique Woods and as the surviving spouse of the decedent, demands judgment against BRANDAN STEDFELT for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

**COUNT LXX (70)**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST DARIEN THOMAS FOR THE WRONGFUL DEATH**
**OF JENICE MONIQUE WOODS**

568.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

569.     On July 30, 2024, the Defendant, DARIEN THOMAS, and the other Defendant Officers engaged in conduct that was reckless, extreme, outrageous, willful, wanton and beyond the bounds of decency tolerated in a civilized society.

570. Specifically, DARIEN THOMAS and the other Defendant Officers initiated and executed a high-speed, unauthorized "ghost chase" in violation of departmental policy, despite knowing that such chases pose significant risks of serious bodily injury and death to the public, particularly in congested areas.

571. After causing a violent vehicular collision that resulted in catastrophic injuries to Marcia May Pochette and Jenice Monique Woods, who was pregnant at the time, DARIEN THOMAS and the other Defendant Officers fled the scene, failed to provide and/or summon medical assistance, and took affirmative steps to conceal their involvement, including deactivating body-worn cameras and avoiding dispatch communication.

572. DARIEN THOMAS and the other Defendant Officers conduct exhibited deliberate indifference to human life and a willful and wanton disregard for the suffering of the victims, both of whom were left without medical aid or assistance until bystanders contacted emergency services.

573. This conduct was not only unlawful and unethical, but it was also calculated to evade accountability and responsibility for the injuries and deaths DARIEN THOMAS and the other Defendant Officers caused.

574. The surviving spouses of the decedents came to the scene of the horrific and fatal crash. Upon arrival, they were personally subjected to the devastation of the subject violent crash and further forced to see and witness their spouses fatally injured. Severe emotional distress and mental anguish was caused to be suffered by DEVIN WOODS upon his arrival at the tragic crash scene and/or hospital.

575. As a direct result of DARIEN THOMAS's and the other Defendant Officers' extreme and outrageous reckless conduct, DEVIN WOODS suffered severe emotional distress.

127

576.     The conduct by DARIEN THOMAS and the other Defendant Officers was negligent, intentional and/or carried out with reckless disregard of the probability of causing severe emotional distress and further carried out with wanton and willful disregard for human rights, safety and property.

WHEREFORE the Plaintiff, DEVIN WOODS as the Personal Representative of the Estate of Jenice Monique Woods and as the surviving spouse of the decedent, demands judgment against DARIEN THOMAS for emotional distress compensatory damages, together with the fees and costs of this action and such other relief as the Court deems just and proper. The Plaintiff further demands a jury trial.

**COUNT LXXI (71)**
**NEGLIGENT TRAINING AGAINST THE CITY OF WEST PALM BEACH**
**COGNIZABLE UNDER FLORIDA LAW FOR THE WRONGFUL DEATH OF**
**JENICE MONIQUE WOODS**

577.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

578.     Defendant CITY OF WEST PALM BEACH owed a duty to properly train its police officers in the safe, lawful, and reasonable execution of vehicular pursuits, emergency response, use of unmarked vehicles, activation of body-worn cameras, radio communications, and the duty to render or summon emergency medical assistance.

579.     The City knew or should have known that inadequate training in vehicular pursuits, ghost chases, post-crash abandonment, and concealment practices posed an unreasonable risk of death or serious bodily injury to the public. The City had notice or constructive notice arising from repeated history of reckless vehicular pursuits and unmarked and low-profile vehicular pursuits resulting in serious bodily injury and death.

580.    Despite this knowledge, the City failed to provide adequate training regarding:

- lawful pursuit initiation and termination;
- prohibition of unmarked vehicle pursuits;
- required radio communication and supervision;
- mandatory body-worn camera activation;
- duty to render and summon emergency medical aid.

581.    The City's failure to adequately train its officers constituted negligence under Florida law.

582.    The negligent training of Defendant Officers DANIELOVICH, ETIENNE, REKDAHL, BORGEN, LOAYZA, STEDFELT, and THOMAS directly and proximately caused the unlawful pursuit, abandonment of the crash scene, and the wrongful death of Jenice Monique Woods.

583.    The Personal Representative of the Estate of JENICE MONIQUE WOODS seeks damages for the Estate and surviving spouse as a direct and proximate result of the Defendant Officers' negligent actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services previously provided by Jenice Monique Woods, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS, as personal representative of the Estate of JENICE MONIQUE WOODS, demands judgment against the CITY OF WEST PALM BEACH for compensatory damages for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

## COUNT LXXII (72)
## NEGLIGENT SUPERVISION AGAINST THE CITY OF WEST PALM BEACH COGNIZABLE UNDER FLORIDA LAW FOR THE WRONGFUL DEATH OF JENICE MONIQUE WOODS

584.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-57 of this Complaint as if fully set forth herein.

585.    Defendant CITY OF WEST PALM BEACH owed a duty to reasonably supervise, monitor, discipline, and control its police officers to prevent foreseeable harm to the public.

586.    The City knew or should have known that its officers were engaging in unauthorized ghost chases, concealment of pursuits, disabling body-worn cameras, and abandoning injured civilians following police-caused crashes.

587.    Despite such knowledge, the City failed to take corrective action, failed to discipline and also failed to implement supervisory safeguards to prevent recurrence.

588.    The City's failure to supervise constituted negligence under Florida law.

589.    The negligent supervision of Defendant Officers DANIELOVICH, ETIENNE, REKDAHL, BORGEN, LOAYZA, STEDFELT, and THOMAS was a direct and proximate cause of the fatal pursuit, abandonment, and wrongful death of Jenice Monique Woods.

590.    The Personal Representative of the Estate of Jenice Monique Woods seeks damages for the Estate and surviving spouse as a direct and proximate result of the Defendant Officers' negligent actions and inactions to include, but not limited to: severe mental pain and suffering, severe mental anguish, extreme grief and sorrow, the loss of the decedent's companionship, guidance, consortium and protection, and the loss of support and services

previously provided by Jenice Monique Woods, lost wages, funeral, burial and travel expenses and the loss of prospective net accumulations of the estate had she survived the fatal incident.

WHEREFORE the Plaintiff, DEVIN WOODS, as personal representative of the Estate of JENICE MONIQUE WOODS, demands judgment against the CITY OF WEST PALM BEACH for compensatory damages for the Estate and survivor, together with fees and costs and any such further relief as the Court deems just. Plaintiff further demands a jury trial.

**DATED THIS 29th DAY OF DECEMBER 2025.**

*s/ Scott B. Smith, Esq.*
Scott B. Smith, Esq.
Florida Bar No.: 158569
Smith, Ball, Báez & Prather Florida
 Injury Lawyers
4400 PGA Blvd., Suite 800
Palm Beach Gardens, FL 33410
Tel: 561-675-0840
Fax: 561-675-0841
Email: ssmith@smithball.com
*Attorney for Plaintiffs*

*s/ Jerome A. Stone, Jr.*
Jerome A. Stone, Esq.
Florida Bar No.: 57010
Law Offices of Stone & Capobianco, P.L.
219 SE Ocean Blvd
Stuart, FL 34994-2218
Tel: 772-781-4357
Fax: 772-781-4340
Email: jas@stonelawfl.com
*Attorney for Plaintiffs*

*s/ Kevin R. Anderson*
Kevin R. Anderson, Esq.
Florida Bar No.: 0044857
Anderson & Welch, LLC
500 S. Australian Ave., 6th Flr.
West Palm Beach, FL 33401-6237
Tel: 561-832-3386
Fax: 561-820-4867
Email: kan@andersonandwelch.com
andewelch@andersonandwelch.com
*Attorney for Plaintiffs*

*s/ Linda E. Capobianco*
Linda E. Capobianco, Esq.
Florida Bar No.: 121916
Law Offices of Stone & Capobianco, P.L.
219 SE Ocean Blvd
Stuart, FL 34994-2218
Tel: 772-781-4357
Fax: 772-781-4340
Email: lec@stonelawfl.com
*Attorney for Plaintiffs*