UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-81544-CIV-JUDGE CANNON

JUNEL POCHETTE, individually and as Personal
Representative of the Estate of MARCIA MAY
POCHETTE, and DEVIN WOODS, individually
and as the Personal Representative of the ESTATE
OF JENICE MONIQUE WOODS,

     Plaintiffs,

v.

CITY OF WEST PALM BEACH, a Florida
municipal corporation; AUSTIN DANIELOVICH,
individually; PIERRE ETIENNE, individually;
CHRISTOPHER REKDAHL, individually;
MICHAEL BORGEN, individually;
WILLIAM LOAYZA, individually;
BRANDAN STEDFELT, individually; and
DARIEN THOMAS, individually,

     Defendants.

_____/

**PLAINTIFFS' SUPPLEMENT ON SERVICE FOR DEFENDANT, MICHAEL BORGEN**

     COME NOW the Plaintiffs, JUNEL POCHETTE, individually and as Personal

Representative of the Estate of MARCIA MAY POCHETTE, and DEVIN WOODS, individually

and as the Personal Representative of the Estate of JENICE MONIQUE WOODS, by and

through their undersigned counsel and duly appointed Personal Representatives, and hereby file

Plaintiffs' Supplement on Service for the Defendant, Michael Borgen, and state as follows:

     1.     On February 24, 2026 the Process Server, Sherry Walker CPS #08-53, of Rock

Legal Services & Investigations, Inc., served the Defendant, Michael Borgen, through Samedrew

Joissaint, a person in charge of the recipient's private mailbox location at the address of 11582

SW Village Parkway, Unit 1077, Port St. Lucie, FL  34987, with the Plaintiffs' Second Amended

Complaint for Damages and Demand for Jury Trial, a copy of the Return of Service is attached as "Plaintiffs' Exhibit A".

2.      Per Florida Statute 48.031(6)(a), "If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintained a mailbox, a virtual office, or an executive office or mini suite at that location." (§48.031, Florida Statutes, is attached hereto as "Plaintiffs' Exhibit B").

3.      The Process Server, Sherry Walker, confirmed that Mr. Borgen had a private mailbox at that location. The Process Server, Sherry Walker, further states in her Return of Service that the private mailbox for MICHAEL BORGEN is "the only address known after reasonable investigation and after determining that the person or business to be served maintains a mailbox at this location, in compliance with State Statutes [§48.031, Florida Statutes]."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 5, 2026, a true and correct copy of the foregoing was filed via CM/ECF and served on all counsel of record.

Scott B. Smith
Florida Bar No. 158569
SMITH, BALL, BAEZ & PRATHER
4400 PGA Boulevard, Suite 800
Palm Beach Gardens, FL 33410
Telephone: (561) 675-0840
Facsimile: (561) 675-0841
Primary Email: ssmith@smithball.com
Secondary: nlehr@smithball.com

Respectfully submitted,
*By: /s/ Kevin R. Anderson*
Kevin R. Anderson
Florida Bar No. 44857
ANDERSON & WELCH, LLC
120 S. Australian Ave., Floor 6
West Palm Beach, FL 33401
Telephone: (561) 832-3386
Facsimile: (561) 820-4867
Primary Email: kan@andersonandwelch.com
Secondary: andewelch@andersonandwelch.com


*By:  /s/ Jerome A. Stone, Jr.*
Jerome A. Stone, Jr.
Florida Bar No. 57010
jas@stonelawfl.com
Linda E. Capobianco
Florida Bar No. 121916
lec@stonelawfl.com
STONE & CAPOBIANCO, P.L.
219 SE Ocean Boulevard
Stuart, FL 34994
Telephone: (772) 781-4357
Facsimile: (772) 781-4340
Primary Email: jas@stonelawfl.com
Secondary Email: lec@stonelawfl.com

Attorneys for Plaintiffs

## RETURN OF SERVICE

### UNITED STATES DISTRICT COURT
Palm Beach District of Florida

Case Number: 9:25-CV-81544-XXXX



Plaintiff:
**JUNEL POCHETTE, individually and as Personal Representative of the Estate of MARCIA MAY POCHETTE; AND DEVIN WOODS, individually and as Personal Representative of the Estate of JENINE MONIQUE WOODS**

vs.

Defendant:
**CITY OF WEST PALM BEACH, a Florida municipal corporation, AUSTIN DANIELOVICH, individually, PIERRE ETIENNE, individually, CHRISTOPHER REKDAHL, individually, MICHAEL BORGEN, Individually, WILLIAM LOAYZA, individually, BRANDAN STEDFELT, individually, and DARIEN THOMAS, individually**

For:
Scott Smith, Esq.
Smith, Ball, Báez & Prather Florida Injury Lawyers
4440 PGA Blvd.
Palm Beach Gardens, FL 33410

Received by Sherry Walker on the 23rd day of February, 2026 at 1:56 pm to be served on **Michael Borgen Modern Horizon Homes LLC at A1 Postal Services, 11582 SW Village Pkwy, Unit 1077, Port St. Lucie, FL 34987.**

I, Sherry Walker, do hereby affirm that on the **24th day of February, 2026** at **12:25 pm, I:**

**SUBSTITUTE** served by delivering a true copy of the **Summons and Second Amended Complaint for Damages and Demand for Jury Trial** to: **Samedrew Joissaint**, a person in charge at the recipient's **PRIVATE MAILBOX** location at the address of: **11582 SW Village Pkwy, Unit 1077, Port St. Lucie, FL 34987**; the only address known after reasonable investigation and after determining that the person or business to be served maintains a mailbox at this location, in compliance with State Statutes.

**Description** of Person Served: Age: 30, Sex: F, Race/Skin Color: Black, Height: 5'7", Weight: 160, Hair: Black, Glasses: N

Under penalties of perjury, I declare I have read the foregoing document and the facts stated in it are true. I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was effected in accordance with State statutes. Pursuant to FS 92.525(2) and 28 USC Section 1746, no notary is requires.

**Sherry Walker**
CPS #08-53

**Rock Legal Services & Investigations, Inc.**
**500 South Australian Ave.**
**Suite 606**
**West Palm Beach, FL 33401**
**(561) 296-7574**

Our Job Serial Number: ROC-2026001414
Ref: Pochette v. City of WPB

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0b





Select Year:   2025 ✔  Go

## The 2025 Florida Statutes

|            |            |            |
|------------|------------|------------|
| Title VI | Chapter 48 | View Entire Chapter |
| CIVIL PRACTICE AND PROCEDURE | PROCESS AND SERVICE OF PROCESS | |

**48.031   Service of process generally; service of witness subpoenas.—**

(1)(a)   Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

(b)   An employer, when contacted by an individual authorized to serve process, shall allow the authorized individual to serve an employee in a private area designated by the employer. An employer who fails to comply with this paragraph commits a noncriminal violation, punishable by a fine of up to $1,000.

(2)(a)   Substituted service on the spouse of the person to be served may be made at any place in a county by an individual authorized under s. 48.021 or s. 48.27 to serve process in that county, if the cause of action is not an adversarial proceeding between the spouse and the person to be served, if the spouse requests such service or the spouse is also a party to the action, and if the spouse and person to be served reside together in the same dwelling, regardless of whether such dwelling is located in the county where substituted service is made.

(b)   Substituted service may be made on an individual doing business as a sole proprietorship at his or her place of business, during regular business hours, by serving the person in charge of the business at the time of service if two attempts to serve the owner are made at the place of business.

(3)(a)   The service of process of witness subpoenas, whether in criminal cases or civil actions, shall be made as provided in subsection (1). However, service of a subpoena on a witness in a civil traffic case, a criminal traffic case, a misdemeanor case, or a second degree or third degree felony may be made by United States mail directed to the witness at the last known address, and the service must be mailed at least 7 days prior to the date of the witness's required appearance. Failure of a witness to appear in response to a subpoena served by United States mail that is not certified may not be grounds for finding the witness in contempt of court.

(b)   A criminal witness subpoena commanding the witness to appear for a court appearance may be posted by a person authorized to serve process at the witness's residence if three attempts to serve the subpoena, made at different times of the day or night on different dates, have failed. A criminal witness subpoena commanding the witness to appear for a deposition may be posted by a person authorized to serve process at the witness's residence if one attempt to serve the subpoena has failed. The subpoena must be posted at least 5 days before the date of the witness's required appearance.

(4)(a)   Service of a criminal witness subpoena upon a law enforcement officer or upon any federal, state, or municipal employee called to testify in an official capacity in a criminal case may be made as provided in subsection (1) or by delivery to a designated supervisory or administrative employee at the witness's place of employment if the agency head or highest ranking official at the witness's place of employment has designated such employee to accept such service. However, no such designated employee is required to accept service:

1.   For a witness who is no longer employed by the agency at that place of employment;

2.   If the witness is not scheduled to work prior to the date the witness is required to appear; or

3.   If the appearance date is less than 5 days from the date of service.

The agency head or highest ranking official at the witness's place of employment may determine the days of the week and the hours that service may be made at the witness's place of employment.

(b)   Service may also be made in accordance with subsection (3) provided that the person who requests the issuance of the criminal witness subpoena shall be responsible for mailing the subpoena in accordance with that subsection and for making the proper return of service to the court.

(5)   A person serving process shall place, on the first page only of at least one of the processes served, the date and time of service, his or her initials or signature, and, if applicable, his or her identification number. The person requesting service or the person authorized to serve the process shall file the return-of-service form with the court.

(6)(a)   If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

(b)   For purposes of this subsection, the term "virtual office" means an office that provides communications services, such as telephone or facsimile services, and address services without providing dedicated office space, and where all communications are routed through a common receptionist. The term "executive office or mini suite" means an office that provides communications services, such as telephone and facsimile services, a dedicated office space, and other supportive services, and where all communications are routed through a common receptionist.

(7)   A gated residential community, including a condominium association or a cooperative, shall grant unannounced entry into the community, including its common areas and common elements, to a person who is attempting to serve process on a defendant or witness who resides within or is known to be within the community.

History.—s. 5, Nov. 23, 1828; RS 1015; GS 1402; RGS 2599; CGL 4246; s. 6, ch. 29737, 1955; s. 4, ch. 67-254; s. 1, ch. 75-34; s. 3, ch. 79-396; s. 3, ch. 82-118; s. 1, ch. 84-339; s. 7, ch. 85-80; s. 2, ch. 87-405; s. 6, ch. 93-208; s. 269, ch. 95-147; s. 1, ch. 95-172; s. 1, ch. 98-410; s. 1, ch. 2004-273; s. 2, ch. 2011-159; s. 2, ch. 2014-207; s. 1, ch. 2015-51; s. 1, ch. 2015-59; s. 1, ch. 2016-207; s. 4, ch. 2019-67.

Note.—Former s. 47.13.

Copyright © 1995-2026 The Florida Legislature • Privacy Statement • Contact Us