**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 25-81544-CIV-JUDGE CANNON**

JUNEL POCHETTE, individually and as Personal
Representative of the Estate of MARCIA MAY
POCHETTE, and DEVIN WOODS, individually
and as the Personal Representative of the ESTATE
OF JENICE MONIQUE WOODS,

     Plaintiffs,

v.

CITY OF WEST PALM BEACH, a Florida
municipal corporation; AUSTIN DANIELOVICH,
individually; PIERRE ETIENNE, individually;
CHRISTOPHER REKDAHL, individually;
MICHAEL BORGEN, individually;
WILLIAM LOAYZA, individually;
BRANDAN STEDFELT, individually; and
DARIEN THOMAS, individually,

     Defendants.

_____/

**PLAINTIFFS' SUPPLEMENT ON SERVICE**
**FOR THE DEFENDANT, CHRISTOPHER REKDAHL**

     COME NOW the Plaintiffs, JUNEL POCHETTE, individually and as Personal

Representative of the Estate of MARCIA MAY POCHETTE, and DEVIN WOODS, individually

and as the Personal Representative of the Estate of JENICE MONIQUE WOODS, by and through

their undersigned counsel and as duly appointed Personal Representatives, and hereby file

Plaintiffs' Supplement on Service for the Defendant, CHRISTOPHER REKDAHL, and state as

follows:

     1.     On April 6, 2026 at 1:50 P.M., the Process Server, Denise Rock (ID#289), of Rock

Legal Services & Investigations, Inc., 500 South Australian Avenue, Suite 606, West Palm Beach,

FL 33401 served the Defendant, CHRISTOPHER REKDAHL, by electronically submitting a true

copy of the Summons and Second Amended Complaint for Damages and Demand for Jury Trial with the date and hour of service endorsed thereon by Denise Rock to Beryllium Spalding who is an employee authorized for the Florida Secretary of State the agent authorized for service upon CHRISTOPHER REKDAHL at the address of P.O. Box 6327, Tallahassee, FL 32314, and informed said person of the contents therein. (A copy of the Return of Service is attached as "Plaintiffs' Exhibit A".)

2.      Per Florida Statute 48.181(4) "Any individual or foreign business entity that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent on whom all process maybe served, in any action or proceeding against such individual or business entity, arising out of any transaction or operation connected with or incidental to any business or business venture carried on in this state by such individual or foreign business entity." (§48.181, Florida Statutes, is attached hereto as "Plaintiffs' Exhibit B".)

3.      Per Florida Statute 48.161(2) "When an individual or a business entity is a nonresident or conceals his, her, or its whereabouts, the party seeking to effectuate service may, after exercising due diligence to locate and effectuate personal service, use the substituted service method specified in subsection (1) in connection with any action in which the court has jurisdiction over the individual or business entity." (§48.161, Florida Statutes, is attached hereto as "Plaintiffs' Exhibit C".)

4.      Prior to obtaining substitute service on the Secretary of State, the Plaintiffs made significant and diligent efforts via Rock Legal Service and Investigation, Inc., which was retained to locate and personally serve the Defendant, CHRISTOPHER REKDAHL. Those efforts are detailed in the attached Affidavit of Diligent Search and Inquiry. (Affidavit of Diligent Search and Inquiry dated March 8, 2026 is attached hereto as "Plaintiffs' Exhibit D" – exhibits to the Affidavit not filed for privacy reasons for the former West Palm Beach Police Officer.)

5.     As outlined in the sworn affidavit, a certified process server with Rock Legal Services attempted service at the West Palm Beach Police Department, 600 Banyan Boulevard, West Palm Beach, FL 33401, but the Court Laison stated CHRISTOPHER REKDAHL was terminated from the West Palm Beach Police Department ("Plaintiffs' Exhibit D", ¶ 23).

6.     A certified process server with Rock Legal Services attempted service at 160 NW 70th Street, Apartment 202, Boca Raton, FL 33487, on January 28, 2026. The unit was under renovation with a lock box on the door and a building permit posted. The neighbor informed the process server that a woman named "Danielle" and her husband resided in Apartment 202 and had moved out during renovations, and she did not believe anyone named "Christopher" resided there. (Return of Non-Service is attached hereto as "Plaintiffs' Exhibit E").

7.     A certified process server with Rock Legal Services attempted service at 12712 Woodmill Drive, Unit H, Palm Beach Gardens, FL 33418, on two different dates, but was advised by the current resident, Krista Rickett, that CHRISTOPHER REKDAHL moved out over 3 years earlier (Return of Non-Service is attached hereto as "Plaintiffs' Exhibit F").

8.     In addition to these physical service attempts, the Plaintiffs' retained investigator conducted comprehensive database and records searches across numerous jurisdictions and agencies in an attempt to locate and personally serve CHRISTOPHER REKDAHL. These searches included: military service inquiry (confirming CHRISTOPHER REKDAHL was not in the military); inquiry into possible union membership through the Fraternal Order of Police; searches of the Florida Department of Corporations for any registered businesses or officer/agent status (yielding no results); searches for professional and recreational licenses (yielding no active licenses); Facebook searches (yielding no results); a Freedom of Information Act request to the United States Post Office for current address or relocations (unreturned as of the affidavit date); contact with Baptist Health Boca Raton Regional Hospital (which would not confirm whether

CHRISTOPHER REKDAHL was a patient); Department of Motor Vehicle records searches (identifying one vehicle registered to 160 NW 70th Street, Apt. 202, Boca Raton, FL 33487, with title transfer dated January 24, 2025); Driver's License search (identifying address of 699 Brandon Prescott Ln, Apt. 305, West Palm Beach, FL 33401, with license issued August 14, 2020); marriage license search in Palm Beach County (locating one marriage record from 2012); divorce records search in Palm Beach County (yielding no results); Federal Bureau of Prisons inmate search (confirming CHRISTOPHER REKDAHL was not in federal custody); Florida Department of Corrections inmate search (confirming CHRISTOPHER REKDAHL was not in state custody); Palm Beach County jail search (confirming CHRISTOPHER REKDAHL was not in local custody); Federal Court case search via PACER (identifying one open case in the Southern District of Florida in which CHRISTOPHER REKDAHL is a defendant – this case); and Palm Beach County civil and criminal case searches (identifying multiple traffic cases and one felony case).

9.     Dishawn M. Woods, an employee of Rock Legal, determined that attempted service at 699 Brandon Prescott Lane, Apt. 305, West Palm Beach, FL 33401 would be ineffectual and constitute a futile act because his Investigation revealed that CHRISTOPHER REKDAHL had subsequently purchased real property located at 12712 Woodmill Drive, Unit H, Palm Beach Gardens, FL 33418, on or about September 2020, establishing a confirmed change of residence subsequent to the driver's license and voter registration which provided the Brandon Prescott Lane address (Supplemental Affidavit of Diligent Search and Inquiry attached hereto as "Plaintiffs' Exhibit I", ¶2).. Title to the Woodmill Drive property was thereafter transferred to Krista Ricket in 2022, who confirmed upon inquiry that CHRISTOPHER REKDAHL had resided at the Palm Beach Gardens address but vacated the premises more than three years prior. Further investigation revealed a vehicle title transfer, Title No. 0125757862, dated January 24, 2025, reflecting the address of 160 NW 70th Street, Apt. 202, Boca Raton, FL 33487, consistent with a telephone

number associated with CHRISTOPHER REKDAHL which was also registered to said Boca Raton address. The totality of this investigative record establishes legitimate, documented basis to conclude that CHRISTOPHER REKDAHL had not resided at 699 Brandon Prescott Lane, Apt. 305, West Palm Beach, FL 33401 since on or before late 2020, which rendered a service attempt at said address unnecessary and unavailing (Supplemental Affidavit of Diligent Search and Inquiry attached hereto as "Plaintiffs' Exhibit I", ¶3 and ¶4).

10.     Despite these exhaustive efforts across multiple physical locations and comprehensive database searches, the investigator was unable to determine CHRISTOPHER REKDAHL's current residence.

11.     Dishawn M. Woods, an employee of Rock Legal Services, has made diligent search and inquiry to discover the current residence of CHRISTOPHER REKDAHL (see "Plaintiffs' Exhibit D"). During his investigation and after he detailed and documented such search, he was unable to determine where CHRISTOPHER REKDAHL resides.

12.     A copy of the Summons, Return of Service and Plaintiffs' Second Amended Complaint was mailed to CHRISTOPHER REKDAHL's last known address on April 28, 2026 (see "Plaintiffs' Exhibit G").

13.     On April 23, 2026, the Secretary of the State processed the service on CHRISTOPHER REKDAHL following service on the Secretary of State on April 6, 2026 (see "Plaintiffs' Exhibit H" and "Plaintiffs' Exhibit A").

14.     Based on all of the foregoing and the attached exhibits, the Plaintiffs and their counsel have made substantial and significant efforts to gain personal service of process on CHRISTOPHER REKDAHL, but have been unable to do so because he is concealing his whereabouts.

15.     The search conducted in this matter satisfies the requirements of Florida Statute § 48.161(3)(a)(2024). In *Gore v. Encarnacion*, 426 So. 3d 510 (Fla. 4th DCA 2025), the Fourth District Court of Appeal recently addressed the precise question of what constitutes sufficient diligence to support substituted service under section 48.161, Florida Statutes. In *Gore*, the Court found the efforts diligent where the process server attempted service on multiple dates at different addresses, sent Freedom of Information Act requests to addresses associated with the defendant, searched driver's license records, vehicle registration records, and incarceration records, contacted known persons and neighbors associated with the defendant, and made FOIA requests for changes of address. *Id.* at 513.

16.     The investigative efforts here meet and exceed those in *Gore*. Like the plaintiff in *Gore*, the investigator attempted service at multiple addresses until confirming the Defendant could not be found at any of them, conducted comprehensive database searches across multiple jurisdictions and agencies, and attempted to locate CHRISTOPHER REKDAHL through employment records, public records, and inquiries to known locations and individuals. Importantly, the investigator did not merely conduct rote database searches but synthesized the investigative results to make informed, professional judgments about which addresses warranted physical service attempts. The driver's license address at 699 Brandon Prescott Lane was identified and analyzed but reasonably excluded from physical service attempts based on documentary evidence establishing CHRISTOPHER REKDAHL's purchase and occupancy of different property (12712 Woodmill Drive) and subsequent vehicle registration at a third address (160 NW 70th Street, Boca Raton) in January 2025. This investigative analysis demonstrates exactly the type of reasoned exercise of "diligent inquiry" that *Gore* requires.

17.     In *Southeast & Assocs., Inc. v. Fox Run Homeowners Ass'n, Inc.*, 704 So. 2d 694 (Fla. 4th DCA 1997), cited by *Gore*, the court found sufficient diligence where the evidence

showed "nine attempts at personal service ... contact with the neighbors, [ ] two skip traces, and [a] trip to a retail establishment where the process server learned that the lessee had moved out in the middle of the night." *Id.* at 696. The court held that such efforts demonstrated the plaintiff "reasonably employed the knowledge at its command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to serve the defendant personally." *Id.* The search conducted here is more comprehensive than that approved in *Southeast*, encompassing not only multiple service attempts and witness contacts but also military records checks, employment verification, corporate registry searches, professional licensing searches, marriage and divorce records, federal and state incarceration records, multiple database traces, and FOIA requests.

18.     The facts also support a finding that CHRISTOPHER REKDAHL is concealing his whereabouts within the meaning of § 48.161. The investigator's multiple attempts at addresses reflecting CHRISTOPHER REKDAHL's most recent documented connections – Including his last employment location, his most recent registered vehicle address (January 2025), and a prior residence confirmed by a witness – all proved unsuccessful. Database searches revealed no current, reliable address despite CHRISTOPHER REKDAHL's obvious connections to Palm Beach County through his former employment with the West Palm Beach Police Department. CHRISTOPHER REKDAHL has apparently failed to update his driver's license address since 2020 despite multiple changes of residence since then as documented through property records and vehicle registration, and no one currently resides at CHRISTOPHER REKDAHL's most recent vehicle registration address (where the unit was under renovation and inaccessible). The evidence suggests CHRISTOPHER REKDAHL has deliberately avoided establishing a discoverable residence or has systematically failed to update public records with a current address, circumstances that justify substituted service under Florida law.

19.     The Plaintiffs and their counsel have acted in good faith and with significant due diligence in their many and multiple attempts to gain service of process on CHRISTOPHER REKDAHL at various addresses and/or locations, including the West Palm Beach Police Department (his employer at the time of the subject multi-fatality crash). As such, the Plaintiffs respectfully submit substituted service on the Florida Secretary of State as to CHRISTOPHER REKDAHL is proper under Florida law in these circumstances.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 5, 2026, a true and correct copy of the foregoing was filed via CM/ECF and served on all counsel of record.

Scott B. Smith
Florida Bar No. 158569
SMITH, BALL, BAEZ & PRATHER
4400 PGA Boulevard, Suite 800
Palm Beach Gardens, FL 33410
Telephone: (561) 675-0840
Facsimile: (561) 675-0841
Primary Email: ssmith@smithball.com
Secondary: nlehr@smithball.com


Respectfully submitted,
By: /s/ Kevin R. Anderson
Kevin R. Anderson
Florida Bar No. 44857
ANDERSON & WELCH, LLC
120 S. Australian Ave., Floor 6
West Palm Beach, FL 33401
Telephone: (561) 832-3386
Facsimile: (561) 820-4867
Primary Email: kan@andersonandwelch.com
Secondary: andewelch@andersonandwelch.com


By: /s/ Jerome A. Stone, Jr.
Jerome A. Stone, Jr.
Florida Bar No. 57010

jas@stonelawfl.com
Linda E. Capobianco
Florida Bar No. 121916
lec@stonelawfl.com
STONE & CAPOBIANCO, P.L.
219 SE Ocean Boulevard
Stuart, FL 34994
Telephone: (772) 781-4357
Facsimile: (772) 781-4340
Primary Email: jas@stonelawfl.com
Secondary Email: lec@stonelawfl.com

Attorneys for Plaintiffs

## RETURN OF SERVICE
### UNITED STATES DISTRICT COURT
Palm Beach District of Florida

Case Number: 9:25-CV-81544-XXXX

Plaintiff: **JUNEL POCHETTE, individually and as Personal Representative of the Estate of MARCIA MAY POCHETTE; AND DEVIN WOODS, individually and as Personal Representative of the Estate of JENINE MONIQUE WOODS**
vs.
Defendant: **CITY OF WEST PALM BEACH, a Florida municipal corporation, AUSTIN DANIELOVICH, individually, PIERRE ETIENNE, individually, CHRISTOPHER REKDAHL, individually, MICHAEL BORGEN, individually, WILLIAM LOAYZA, individually, BRANDAN STEDFELT, individually, and DARIEN THOMAS, individually**



ROC2026002327

**PLAINTIFF'S EXHIBIT**

**A**

For:
Scott Smith, Esq.
Smith, Ball, Báez & Prather Florida Injury Lawyers
4440 PGA Blvd.
Palm Beach Gardens, FL 33410

Received by Rock Legal Services & Investigations Inc on the 1st day of April, 2026 at 8:08 am to be served on **Christopher Rekdahl c/o Secretary of State, P.O. Box 6327, Tallahassee, FL 32314.**

I, Denise Rock, do hereby affirm that on the **6th day of April, 2026** at **1:50 pm, I:**

served by electronically submitting a true copy of the **Summons and Second Amended Complaint for Damages and Demand for Jury Trial** with the date and hour of service endorsed thereon by me, to: **Beryllium Spalding** who is an Employee Authorized for the Florida Secretary of State the agent authorized for service upon **Christopher Rekdahl** at the address of **P.O. Box 6327, Tallahassee, FL 32314,** and informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute 48.081 or other state statute as applicable.

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county in which service was made in accordance with State Statute.

**Denise Rock**
Process Server ID#289

**Rock Legal Services & Investigations Inc**
**500 South Australian Ave.**
**Suite 606**
**West Palm Beach, FL 33401**
**(561) 296-7574**

Our Job Serial Number: ROC-2026002327
Ref: Pochette v. City of WPB

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

Select Year:  2025 ▾  Go



# The 2025 Florida Statutes

| Title VI | Chapter 48 | View Entire Chapter |
|---|---|---|
| CIVIL PRACTICE AND PROCEDURE | PROCESS AND SERVICE OF PROCESS | |

[1]48.181    **Substituted service on nonresidents and foreign business entities engaging in business in state or concealing their whereabouts.**—

(1)   As used in this section, the term "foreign business entity" means any corporation or other business entity that is incorporated, formed, or existing under the laws of any other state, territory, or commonwealth, or the laws of any foreign country.

(2)   The acceptance by any individual who is a resident of any other state, territory, or commonwealth, or of any foreign country, or by any foreign business entity of the privilege extended by law to nonresidents to operate, conduct, engage in, or carry on a business or business venture in this state, or to have an office or agency in this state, is deemed to constitute an appointment by the individual or foreign business entity of the Secretary of State of this state as its agent on whom process in any action or proceeding against the individual or foreign business entity, or any combination thereof, arising out of any transaction or operation connected with or incidental to the business or business venture may be served as substituted service in accordance with this chapter. The acceptance of the privilege is signification of the agreement of the respective individual or foreign business entity that the process served against it in accordance with this chapter is of the same validity as if served personally on the individual or foreign business entity.

(3)   If a foreign business entity has registered to do business in this state and has maintained its registration in an active status or otherwise continued to have a registered agent designated in accordance with s. 48.091, personal service of process must first be attempted on the foreign business entity in the manner and order of priority described in this chapter as applicable to the foreign business entity. If, after due diligence, the party seeking to effectuate service of process is unable to effectuate service of process on the foreign business entity in the manner and order of priority provided in this chapter, the party may use substituted service of process on the Secretary of State.

(4)   Any individual or foreign business entity that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent on whom all process may be served, in any action or proceeding against such individual or foreign business entity, arising out of any transaction or operation connected with or incidental to any business or business venture carried on in this state by such individual or foreign business entity.

(5)   Any individual who was a resident of this state and who subsequently became a nonresident is deemed to have appointed the Secretary of State as his or her agent on whom all process may be served in any action or proceeding against such individual arising out of any transaction or operation connected with or incidental to any business or business venture carried on in this state by such individual.

(6)   Any individual or foreign business entity that sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers, or distributors to any individual, corporation, or other business entity in this state is conclusively presumed to be both engaged in substantial and not isolated activities within this state and operating, conducting, engaging in, or carrying on a business or business venture in this state.

(7)   Service pursuant to this section must be effectuated in the manner prescribed by s. 48.161.

History.—s. 1, ch. 6224, 1911; RGS 2602; CGL 4249; s. 1, ch. 26657, 1951; s. 1, ch. 57-747; s. 4, ch. 67-254; s. 2, ch. 84-2; s. 279, ch. 95-147; s. 12, ch. 2022-190; s. 4, ch. 2025-13.

[1]Note.—Section 5, ch. 2025-13, provides:

"(1)   The amendments made to chapter 48, Florida Statutes, by chapter 2022-190, Laws of Florida, apply to causes of action that accrued on or after January 2, 2023, and to all causes of action that accrued before January 2, 2023, for which service of process was effectuated on or after January 2, 2023.

"(2)   Notwithstanding subsection (1), any service of process that occurred between January 2, 2023, and October 1, 2025, which has not been invalidated by a court, is valid if such service complied with either chapter 48, Florida Statutes, as amended by chapter 2022-190, Laws of Florida, or the laws governing service of process in effect before January 2, 2023, which would have applied in the absence of chapter 2022-190, Laws of Florida.

"(3)   The amendments made by this act apply to all service of process made or effectuated on or after October 1, 2025, regardless of whether the cause of action accrued before, on, or after October 1, 2025.

"(4)   This section does not extend or modify the time for challenging the validity of any service of process and does not revive any ability to challenge the validity of service of process which has previously been waived."

**Note.**—Former s. 47.16.

---

Copyright © 1995-2026 The Florida Legislature • Privacy Statement • Contact Us



Select Year:    2025 ⌄  Go

# The 2025 Florida Statutes

| Title VI | Chapter 48 | View Entire Chapter |
|---|---|---|
| CIVIL PRACTICE AND PROCEDURE | PROCESS AND SERVICE OF PROCESS | |

[1]48.161    **Method of substituted service on certain parties in care of the Secretary of State.**—

(1)    When authorized by law, substituted service of process on a nonresident individual or a corporation or other business entity incorporated or formed under the laws of any other state, territory, or commonwealth, or the laws of any foreign country, may be made by sending a copy of the process to the office of the Secretary of State. Such process must be issued in the name of the party to be served, in the care of the Secretary of State, and must be made by personal delivery; by registered mail; by certified mail, return receipt requested; by use of a commercial firm regularly engaged in the business of document or package delivery; or by electronic transmission. Such service is sufficient service on a party that has appointed or is deemed to have appointed the Secretary of State as such party's agent for service of process.

(2)    When an individual or a business entity is a nonresident or conceals his, her, or its whereabouts, the party seeking to effectuate service may, after exercising due diligence to locate and effectuate personal service, use the substituted service method specified in subsection (1) in connection with any action in which the court has jurisdiction over the individual or business entity.

(3)    Whenever a party is using substituted service specified in subsection (1), notice of service and a copy of the process must also be sent forthwith to the party being served by the party effectuating service or by such party's attorney by registered mail; by certified mail, return receipt requested; or by use of a commercial firm regularly engaged in the business of document or package delivery. In addition, if the parties have recently and regularly used e-mail or other electronic means to communicate between themselves, the notice of service and a copy of the process must also be sent by such electronic means. The notice of service and a copy of the process must be sent to the last known physical address and, if applicable, last known electronic address of the party being served. The party effectuating service shall file proof of service or return receipts showing delivery to the other party by mail or courier and by electronic means, if electronic means were used, unless the party is actively refusing or rejecting the delivery of the notice or the party is concealing himself, herself, or itself. An affidavit of compliance of the party effectuating service or such party's attorney must be filed within 40 days after the date of service on the Secretary of State or within such additional time as the court allows. The affidavit of compliance must set forth the facts that justify such substituted service and must contain sufficient facts showing:

(a)    That due diligence was exercised in attempting to locate and effectuate personal service on the party; and

(b)    To the extent applicable, the party's nonresidence, or concealment, or that the party is a business entity for which substituted service is otherwise authorized by law. The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance.

(4)    When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service may, after exercising due diligence to locate and effectuate personal service, use substituted service pursuant to subsection (1) in connection with any action in which the court has jurisdiction over such individual or business entity. The party seeking to effectuate service must also comply with subsection (3); however, a return receipt or other proof showing acceptance of receipt of the notice of service and a copy of the process by the concealed party need not be filed.

(5)    The party effectuating service is considered to have used due diligence if that party:

(a)  Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;

(b)  In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and

(c)  Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

(6)  If any individual on whom service of process is authorized under subsection (1) dies, service may be made in the same manner on his or her administrator, executor, curator, or personal representative.

(7)  The Secretary of State may designate an individual in his or her office to accept service.

(8)  Service of process is effectuated under this section on the date the affidavit of compliance is filed, or the date when the notice of service requirements under subsection (3) are completed, whichever is later.

(9)  The Department of State shall maintain a record of each process served pursuant to this section and record the time of and the action taken regarding the service. The Secretary of State and the Department of State are not parties to the lawsuit by reason of substituted service under this section, and additional court filings regarding such lawsuit may not be served upon or sent to the Secretary of State or the Department of State after the substituted service is effectuated.

(10)  This section does not apply to persons on whom service is authorized under s. 48.151.

History.—ss. 2, 4, ch. 17254, 1935; CGL 1936 Supp. 4274 (8), (10); s. 1, ch. 59-382; s. 4, ch. 67-254; s. 4, ch. 71-114; s. 1, ch. 71-308; s. 57, ch. 90-132; s. 277, ch. 95-147; s. 11, ch. 2022-190; s. 3, ch. 2025-13.

[1]Note.—Section 5, ch. 2025-13, provides:

"(1)  The amendments made to chapter 48, Florida Statutes, by chapter 2022-190, Laws of Florida, apply to causes of action that accrued on or after January 2, 2023, and to all causes of action that accrued before January 2, 2023, for which service of process was effectuated on or after January 2, 2023.

"(2)  Notwithstanding subsection (1), any service of process that occurred between January 2, 2023, and October 1, 2025, which has not been invalidated by a court, is valid if such service complied with either chapter 48, Florida Statutes, as amended by chapter 2022-190, Laws of Florida, or the laws governing service of process in effect before January 2, 2023, which would have applied in the absence of chapter 2022-190, Laws of Florida.

"(3)  The amendments made by this act apply to all service of process made or effectuated on or after October 1, 2025, regardless of whether the cause of action accrued before, on, or after October 1, 2025.

"(4)  This section does not extend or modify the time for challenging the validity of any service of process and does not revive any ability to challenge the validity of service of process which has previously been waived."

Note.—Former ss. 47.30, 47.32.

---

Copyright © 1995-2026 The Florida Legislature • Privacy Statement • Contact Us

IN THE CIRCUIT  COURT OF PALM BEACH
COUNTY, FLORIDA

CASE NO. 9:25-CV-81544-XXXX

JUNEL POCHETTE, individually and as
Personal Representative of the Estate of
MARCIA MAY POCHETTE; AND DEVIN
WOODS, individually and as Personal
Representative of the Estate of JENINE
MONIQUE WOODS
Plaintiff

vs.

CITY OF WEST PALM BEACH, a Florida
municipal corporation, AUSTIN
DANIELOVICH, individually, PIERRE
ETIENNE, individually, CHRISTOPHER
REKDAHL, individually, MICHAEL
BORGEN, Individually, WILLIAM
LOAYZA, individually, BRANDAN
STEDFELT, individually, and DARIEN
THOMAS, individually
Defendant



_____/

### AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY

STATE OF FLORIDA

COUNTY OF PALM BEACH

I, Dishawn M Woods, an employee of Rock Legal Service and Investigation, Inc., a process

serving and investigative company, being sworn, certify that the following information is true: I

conducted the search with the information that was provided by the client. I have made diligent

search and inquiry to discover the current residence of CHRISTOPHER REKDAHL who is over 18 years of age as follows:

1. An inquiry of Social Security Information revealed a social security number was found but per Rule 2.425 this number is redacted from the affidavit.

2. An inquiry of telephone listings in the last known location of CHRISTOPHER REKDAHL but the numbers were disconnected. A copy of the results are attached hereto as Exhibit A.

3. A Canadian White Pages search was conducted for CHRISTOPHER REKDAHL but nothing was found.

4. An internet people finder search was conducted for CHRISTOPHER REKDAHL found multiple sites in reference to a police officer being in an accident. A copy of the results are attached hereto as Exhibit B.

5. A voter's registration search was conducted on CHRISTOPHER REKDAHL  and found the address 699 Brandon Prescott Ln Apt 305 West Palm Beach, FL 33401. And last voted in 2020.  A copy of the results are attached hereto as Exhibit C.

6. A Nationwide Masterfile Death Search was conducted for CHRISTOPHER REKDAHL but nothing was found.

7. The Palm Beach County Tax Collector records searched for CHRISTOPHER REKDAHL but nothing was found. A copy of the results are attached hereto as Exhibit D.

8. A search for utilities was conducted in the name of CHRISTOPHER REKDAHL but nothing was found

9. A Department of Motor Vehicle records search was conducted for CHRISTOPHER REKDAHL and found one registered to the address 160 NW 70th St Apt 202, Boca Raton, FL 33487

10. A Driver's License search was conducted for CHRISTOPHER REKDAHL and found one registered to the address 699 Brandon Prescott Ln Apt 305 West Palm Beach, FL 33401.

11. A marriage license search was conducted in Palm Beach County on CHRISTOPHER REKDAHL and found one. A copy of the results are attached hereto as Exhibit E.

12. A divorce records search was conducted in Palm Beach County on CHRISTOPHER REKDAHL but nothing was found. A copy of the results are attached hereto as Exhibit F.

13. An inmate search was conducted on the Federal Prison website but CHRISTOPHER REKDAHL was not in custody. A copy of the results are attached hereto as Exhibit G.

14. An inmate search was conducted on The Florida Department of Corrections website CHRISTOPHER REKDAHL was not in custody. A copy of the results are attached hereto as Exhibit H.

15. A search was conducted on the Palm Beach County jail website but CHRISTOPHER REKDAHL was not in custody. A copy of the results are attached hereto as Exhibit I.

16. A search for open Federal Court cases was conducted on pacer for CHRISTOPHER REKDAHL and found one. A copy of the results are attached hereto as Exhibit J.

17. A search for open civil and criminal cases was conducted in Palm Beach County and multiple cases in reference to ticket CHRISTOPHER REKDAHL made.. A copy of the results are attached hereto as Exhibit K.

18. An inquiry to determine if CHRISTOPHER REKDAHL was in the military service was conducted but was able to confirm CHRISTOPHER REKDAHL was not in the military. A copy of the results are attached hereto as Exhibit L

19. A last known employment search was conducted for CHRISTOPHER REKDAHL and found West Palm Beach Department at the address 600 Banyan Blvd, West Palm Beach, FL 33401.

20. There was a possible known union Fraternal Order of Police that CHRISTOPHER REKDAHL may have worked in his trade.

21. A search for active businesses within the Florida Department of Corporations was conducted on CHRISTOPHER REKDAHL as Registered Agent or Officer but nothing was found. A copy of the results are attached hereto as Exhibit M

22. A search for Professional & Recreational Licenses was conducted for CHRISTOPHER REKDAHL but no active license was found. A copy of the results are attached hereto as Exhibit N

23. Additional efforts were made to locate for CHRISTOPHER REKDAHL as follows:

   A. A Facebook search was conducted but nothing was found

   B. I sent a postal request to the United States Post Office through the Freedom of Information Act for a current address or any relocations but have not received the postal request back as of the date of the signature on this affidavit.

   C. I called the Baptist Health Boca Raton Regional Hospital (XXX) XXX-7100 but would not confirm if CHRISTOPHER REKDAHL was a patient.

A certified process server attempted service at at 600 Banyan Boulevard, West Palm Beach, FL 3340 but the Court Liaison stated CHRISTOPHER REKDAHL was terminated from the West Palm Beach Police Department.

A certified process server attempted service at 160 NW 70th St Apt 202, Boca Raton, FL 33487. The unit was under renovation with a lock box on the door and a building permit posted.

A certified process server attempted service at 12712 Woodmill Drive Unit H, Palm Beach Gardens, FL 33418, but was advised by Krista Ricket that CHRISTOPHER REKDAHL moved out over 3 years

During my investigation I was unable to determine where CHRISTOPHER REKDAHL resides. I swear and affirm under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

Dated: 3/8/26

Signature of Affiant
Print Name: Dishawn Woods
Rock Legal Services & Investigations, Inc.
2048 Ponce De Leon Ave.
West Palm Beach, FL  33407

STATE OF FLORIDA
COUNTY OF __Palm Beach__
Sworn to or affirmed and signed before me on this 8th day of __March__, 2026 by Dishawn Woods who is personally known to me.

NOTARY PUBLIC

ARACELY MAYORGA
Notary Public - State of Florida
Commission # HH 580755
My Comm. Expires Aug 16, 2029
Bonded through National Notary Assn.

(Print, Type or Stamp Commissioned Name of Notary Public)

## RETURN OF NON-SERVICE
### UNITED STATES DISTRICT COURT
Palm Beach District of Florida

Case Number: 9:25-CV-81544-XXXX

Plaintiff: **JUNEL POCHETTE, individually and as Personal Representative of the Estate of MARCIA MAY POCHETTE; AND DEVIN WOODS, individually and as Personal Representative of teh Estate of JENINE MONIQUE WOODS**

vs.

Defendant: **CITY OF WEST PALM BEACH, a Florida municipal corporation, AUSTIN DANIELOVICH, individually, PIERRE ETIENNE, individually, CHRISTOPHER REKDAHL, individually, MICHAEL BORGEN, Individually, WILLIAM LOAYZA, individually, BRANDAN STEDFELT, individually, and DARIEN THOMAS, individually**



ROC2026000462

**PLAINTIFF'S EXHIBIT E**

For:
Scott Smith, Esq.
Smith, Ball, Báez & Prather Florida Injury Lawyers
4440 PGA Blvd.
Palm Beach Gardens, FL 33410

Received by Rock Legal Services & Investigations Inc on the 12th day of January, 2026 at 1:33 pm to be served on **Christopher Rekdahl, 160 NW 70TH ST APT 202, BOCA RATON, FL 33487.**

I, Donald Bateson, do hereby affirm that on the **28th day of January, 2026** at **5:38 pm, I:**

**NONSERVED:** after due search, careful inquiry and diligent attempts was unable to serve the **Summons and Second Amended Complaint for Damages and Demand for Jury Trial** on **Christopher Rekdahl** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
1/28/2026 5:38 pm Attempted service at 160 NW 70TH ST APT 202, BOCA RATON, FL 33487. Wrong address. This unit is under renovation with a lock box on the door and a building permit posted. Spoke to the neighbor in 102 who confirmed the owner Danielle and her husband moved out while renovations are underway. She said to her knowledge, there was no Christopher living there with them. There is nobody living there at this time.

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county in which service was made in accordance with State Statute.

**Donald Bateson**
Process Server #3204

**Rock Legal Services & Investigations Inc**
**500 South Australian Ave.**
**Suite 606**
**West Palm Beach, FL 33401**
**(561) 296-7574**

Our Job Serial Number: ROC-2026000462
Ref: Pochette v. City of WPB

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0d

## RETURN OF NON-SERVICE

UNITED STATES DISTRICT COURT
Palm Beach District of Florida

Case Number: 9:25-CV-81544-XXXX

Plaintiff:
**JUNEL POCHETTE, individually and as Personal Representative of the Estate of
MARCIA MAY POCHETTE; AND DEVIN WOODS, individually and as Personal
Representative of the Estate of JENINE MONIQUE WOODS**

vs.

Defendant:
**CITY OF WEST PALM BEACH, a Florida municipal corporation, AUSTIN DANIELOVICH,
individually, PIERRE ETIENNE, individually, CHRISTOPHER REKDAHL, individually,
MICHAEL BORGEN, Individually, WILLIAM LOAYZA, individually, BRANDAN STEDFELT,
individually, and DARIEN THOMAS, individually**


ROC2026001288


PLAINTIFF'S
EXHIBIT
F

For:
Scott Smith, Esq.
Smith, Ball, Báez & Prather Florida Injury Lawyers
4440 PGA Blvd.
Palm Beach Gardens, FL 33410

Received by Rock Legal Services & Investigations Inc on the 18th day of February, 2026 at 9:56 am to be served on **Christopher Rekdahl, 12712 Woodmill Drive, Unit H, Palm Beach Gardens, FL 33418**.

I, Dawn Herndon, do hereby affirm that on the **28th day of February, 2026** at 1:43 pm, I:

**NONSERVED:**   I was unable to deliver the **Summons and Second Amended Complaint for Damages and Demand for Jury Trial** for the reasons detailed in the comments below.

Additional Information pertaining to this Service:
2/28/2026  1:43 pm  I attempted service at 12712 Woodmill Drive Unit H, Palm Beach Gardens, FL 33418, but was advised by Krista Ricket that the defendant had not lived here in over 3 years.
2/23/2026  12:46 pm  I attempted service at 12712 Woodmill Drive Unit H, Palm Beach Gardens, FL 33418, but there was no answer and no vehicles were visible.

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts s tated there are true.  I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing  in the county in which service was made in accordance with State Statute.

**Dawn Herndon**
Process Server ID#3109

**Rock Legal Services & Investigations Inc
500 South Australian Ave.
Suite 606
West Palm Beach, FL 33401
(561) 296-7574**

Our Job Serial Number: ROC-2026001288
Ref: Pochette v. City of WPB

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e



**ATTORNEYS**

SCOTT B. SMITH, ESQ. *†

MARCI BALL ELORDI, ESQ. *†

NELSON E. BAEZ, ESQ. *†

DAVID C. PRATHER, ESQ. *†

MARGARET M. BICHLER, ESQ.

MICHAEL W. KRANZ, ESQ.

JEFFREY A. MARTZ, ESQ.

RYAN M. REIF, ESQ.

* Board Certified Civil Trial Attorney

† Listed in Best Lawyers

‡ Listed in Super Lawyers

**PARALEGALS**

VICKI WAINRIGHT, FRP

SUSAN RESKIN, FRP

KIMBERLY SIMPSON, FRP

YAISELIN GOMEZ, FRP

BIANCA PERLET, FRP

OLGA PATTERSON, ACP, FCP, FRP

EMILY GRECZEL, FRP

**INVESTIGATOR**

JAMES "JIM" KEELEY, FRP

In memoriam 1955 – 2022

DAVID SCHULTZ

April 28, 2026



**VIA CERTIFIED MAIL**

Mr. Christopher Rekdahl
160 N.W. 70th Street, Apt. 202
Boca Raton, FL  33487

Re:     Junel Pochette, et al. V. City of West Palm Beach, et al.
        Case No. 9:25-cv-81544-XXXX

Dear Mr. Rekdahl:

Enclosed please find the following:

1. Issued Summons for you to be served c/o Secretary of State.
2. Return of Service for you being served c/o Secretary of State.
3. Plaintiffs' Second Amended Complaint for Damages and Demand for Jury Trial.

Very truly yours,

Scott B. Smith, Esq.



  Main Office & Mailing Address: 4400 PGA Boulevard  Suite 800  Palm Beach Gardens, FL 33410
Treasure Coast Office: 1641 SE Port St. Lucie Boulevard  Port St. Lucie, FL 34952
Boca Raton Office: 1900 Glades Road  Suite 299  Boca Raton, FL 33431
Phone: 561-500-HELP  Treasure Coast: 772-500-HELP  www.SmithBall.com  Facsimile: (561) 675-0841



**Nancy Lehr**

| | |
|---|---|
| **From:** | Shawn Woods <SWoods@ROCKLEGAL.COM> |
| **Sent:** | Thursday, April 23, 2026 11:30 AM |
| **To:** | Nancy Lehr |
| **Subject:** | RE: ROC Status on Pochette v. City of WPB (Rekdahl, Christopher) |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning

They have processed it this morning. We will get the return signed for you shortly.

Thank you



**From:** Nancy Lehr <Nlehr@smithball.com>
**Sent:** Thursday, April 23, 2026 10:06 AM
**To:** Shawn Woods <SWoods@ROCKLEGAL.COM>
**Subject:** FW: ROC Status on Pochette v. City of WPB (Rekdahl, Christopher)



Good morning,

Can you please let me know if Mr. Rekdahl has been served through the Secretary of State?  I have sent a couple emails but didn't receive a response.

Thank you!

**Nancy Lehr**
**Legal Assistant to Scott B. Smith, Esq.**
**Smith, Ball, Báez & Prather Florida Injury Lawyers**
**4400 PGA Blvd., Suite 800**
**Palm Beach Gardens, FL 33410**
**Phone: (561) 675-0840**
**Facsimile: (561) 675-0841**
**e-mail: nlehr@smithball.com**
**www.smithball.com**







1

U.S District Court Southern District of Florida

Case Number:  9:25-cv-81544-AMC

JUNEL POCHETTE, individually
and as Personal Representative of the
Estate of MARCIA MAY POCHETTE;
and DEVIN WOODS, individually and
as Personal Representative of the
Estate of JENINE MONIQUE WOODS

Plaintiff

Vs.

CITY OF WEST PALM BEACH, a
Florida municipal corporation, AUSTIN
DANIELOVICH, individually, PIERRE
ETIENNE, individually, CHRISTOPHER
REKDAHL, individually, MICHAEL
BORGEN, Individually, WILLIAM
LOAYZA, individually, BRANDAN
STEDFELT, individually, and DARIEN
THOMAS, individually

Defendant



_____/

### SUPPLEMENT AFFIDAVIT OF DILIGENT SEARCH

BEFORE ME, the undersigned authority, personally appeared Dishawn Woods, who being duly sworn and states:

1.   Affiant, Dishawn Woods, is a licensed Private Investigator in the State of Florida and is authorized to conduct diligent search investigations and service of process in connection with legal proceedings. Affiant has personal knowledge of all facts set forth herein, which are based upon Affiant's own investigation conducted in this matter.

2.  Affiant submits this Affidavit in response to the Court's inquiry regarding the basis upon which the Defendant's whereabouts may be considered concealed for purposes of service of process.

Affiant's investigation was conducted pursuant to Florida Statute § 49.021, which governs diligent search and inquiry as a predicate to constructive service of process, and the findings set forth herein are further relevant to the standard for substituted service under Florida Statute § 48.161. Further in § 48.161(5) "The party effectuating service is considered to have used due diligence if that party:

(a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;

(b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and

(c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process."

3. Florida Statute § 49.021 provides that where personal service of process cannot be had, service by publication may be had upon any party. As a condition precedent, Florida Statute § 49.041 requires that the sworn statement of the party seeking publication service establish, among other things, that diligent search and inquiry have been made to discover the name and residence of the person to be served, and that the same is set forth in the sworn statement as particularly as is known to the affiant. The last known address county official Court instructions state "While you do not have to look in all of these places, the court must believe that you have made a very serious effort to get information about the Defendant's location and that you have followed up on any information you received." Affiant has conducted precisely such a search and has followed up on every lead developed.

4. Florida Statute § 48.161(2) further provides that when an individual conceals his or her whereabouts, substituted service upon the Secretary of State is authorized after the exercise of due diligence to locate and effectuate personal service. Affiant states that concealment of whereabouts, as applies to this matter, does not require proof of intentional evasion. Affiant's investigation has established that the Defendant's current location cannot be determined through any available public

record, investigative database, personal contact, or service attempt the practical and legal equivalent of concealment regardless of the Defendant's intent.

## INVESTIGATIVE FINDINGS ESTABLISHING CONCEALMENT OF WHEREABOUTS

5. Affiant conducted a search that reflects that the Defendant's driver license was issued on August 14, 2020, at the address of 699 Brandon Prescott Lane, Apt. 305, West Palm Beach, FL 33401, and that voter registration was recorded at said address in 2020. Affiant states that these records represent a point in time only and do not reflect the Defendant's current residence. Florida law requires that a licensed driver update his or her address with the Department of Highway Safety and Motor Vehicles within 30 days of any change of residence. The Defendant has not updated said driver license record despite no fewer than two confirmed subsequent changes of residence, effectively concealing his current whereabouts through failure to comply with statutory address reporting obligations.

6. Affiant's investigation of Palm Beach County property records revealed that the Defendant and Krista purchased real property located at 12712 Woodmill Drive, Unit H, Palm Beach Gardens, FL 33418, on or about September 2020, establishing a confirmed change of residence contemporaneous with the driver license and voter registration records at the West Palm Beach address. Title to said property was thereafter transferred to Krista Ricket in 2022. In 2026, the server made contact with Krista Ricket, who confirmed that the Defendant had resided at the Palm Beach Gardens address but had vacated the premises more than three years prior. Krista Ricket provided no forwarding address or information as to the Defendant's current whereabouts. At no time did the Defendant update his driver license record to reflect his current residence from 2020 to 2026.

7. Affiant's further investigation of Florida vehicle title records revealed a title transfer, Title No. 0125757862, dated January 24, 2025, reflecting the address of 160 NW 70th Street, Apt. 202, Boca Raton, FL 33487. Investigation of telephone records further confirmed the address. The server attempted to execute personal service upon the Defendant at 160 NW 70th Street, Apt. 202, Boca

Raton, FL 33487. Said attempt was unsuccessful. The results of said service attempt are noted in the record. No forwarding address or current location for the Defendant was obtained through said attempt or any subsequent investigation.

8.   Affiant determined that a service attempt at 699 Brandon Prescott Lane, Apt. 305, West Palm Beach, FL 33401, would be ineffectual and would constitute a futile act. The investigative record conclusively establishes that the Defendant has not resided at said address since on or before late 2020. Florida Statute § 49.021 and the county the defendant resided in, Court's instructions do not require a service attempt at a confirmed vacated historical address. Requiring such would impose an obligation not found within Chapter 49, Florida Statutes, or any related provision governing diligent search and inquiry.

9.   As of the date of this Affidavit, the Defendant maintains no current, verified, or serviceable address in any available public record searched by Affiant. Every investigative lead identified has been pursued and exhausted. The Defendant has relocated a minimum of two times since 2020 without updating any statutory registration as required by Florida law. The cumulative result of these failures is that the Defendant's current whereabouts cannot be determined through any reasonable investigative means.

10.   In summary, Affiant conducted the following investigative steps in the exercise of due diligence to locate and effectuate personal service upon the Defendant. The Affidavit of Diligence Search was done with in Florida Statute. Personal service attempt at 160 NW 70th Street, Apt. 202, Boca Raton, FL 33487, the most current address identified through the foregoing investigation.

11. Based upon the foregoing investigative findings, Affiant states under oath that the Defendant's whereabouts are concealed within the meaning of Florida Statute § 48.161(2) and § 48.161(5). Affiant has exercised due diligence to locate and effectuate personal service as required by said statute and Florida Statute § 49.021 as a predicate to constructive service. Affiant has made a very serious effort to obtain information about the Defendant's location and has followed up on every

lead received, consistent with the governing legal standard. Personal service upon the Defendant cannot be obtained through any known or discoverable address.

FURTHER AFFIANT SAYETH NAUGHT.

Dishawn Woods, Affiant
Licensed Florida Private Investigator
Rock Legal Services & Investigations, Inc.
West Palm Beach, Florida

STATE OF FLORIDA

COUNTY OF PALM BEACH

SWORN TO AND SUBSCRIBED before me this 5th day of May, 2026, by Dishawn Woods, who is personally known to me or who produced _____ as identification.

Notary Public, State of Florida
My Commission Expires: _____
Commission No.: _____

ARACELY MAYORGA
Notary Public - State of Florida
Commission # HH 680755
My Comm. Expires Aug 16, 2029
Bonded through National Notary Assn.