**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.: 25-81544-CIV-JUDGE CANNON

JUNEL POCHETTE, as Personal
Representative of the Estate of MARCIA MAY
POCHETTE, and DEVIN WOODS,
as Personal Representative of the Estate of
JENICE MONIQUE WOODS,

    Plaintiffs,

       v.

CITY OF WEST PALM BEACH, a Florida
municipal corporation, AUSTIN DANIELOVICH,
individually, PIERRE ETIENNE, individually,
CHRISTOPHER REKDAHL, individually,
MICHAEL BORGEN, individually, WILLIAM
LOAYZA, individually, BRANDAN STEDFELT,
individually, and DARIEN THOMAS, individually,

    Defendants.

_____/

**PLAINTIFFS' RENEWED MOTION FOR LEAVE**
**TO FILE THIRD AMENDED COMPLAINT[1]**

    COME NOW the Plaintiffs, JUNEL POCHETTE, individually and as Personal

Representative of the Estate of MARCIA MAY POCHETTE, and DEVIN WOODS, individually

and as Personal Representative of the Estate of JENICE MONIQUE WOODS, by and through

---

[1] Although this would technically be the "Third Amended Complaint," the first "amendment" made was solely to correct the initial complaint because counsel inadvertently failed to place the date on the signature page and filed an "Amended Complaint" the same day in order to correct that minor error. ECF No. 3. The Second Amended Complaint was in response to this Court's *sua sponte* order. ECF Nos. 6-7.

their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1, respectfully renew their motion for leave to file a Third Amended Complaint ("TAC"). A copy of the proposed TAC is attached hereto as Exhibit A. The grounds for this motion are set forth below:

### INTRODUCTION

Rule 15(a)(2) provides that leave to amend shall be "freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court has made clear that this mandate is "to be heeded," and that outright refusal to grant leave to amend without any justifying reason is not an exercise of discretion but an abuse of it. *Id.* In the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility, leave should be freely given. *Id.* None of those grounds for denial are present here.

Plaintiffs previously moved for leave to amend on June 30, 2026. ECF No. 65. Plaintiffs file this renewed motion for two purposes. First, the proposed TAC is now complete and is attached as Exhibit A, so that the Court and the Defendants may evaluate the proposed pleading itself rather than a description of it, in accordance with Local Rule 15.1. Second, since the prior motion was filed, Plaintiffs have obtained additional records, described below, that are incorporated into the proposed pleading and that bear directly on the Rule 15 analysis. This motion supersedes the prior motion.

### AMENDMENT HISTORY

The City claims Plaintiffs have had "three bites at the apple." ECF No. 64 at 11. That characterization does not accurately reflect the procedural history and warrants correction for purposes of the Rule 15 analysis.

Plaintiffs filed their original Complaint on December 10, 2025. ECF No. 1. The same day, Plaintiffs filed an "Amended Complaint" solely and expressly for the purpose of adding the December 10, 2025 date of filing against all Defendants, a clerical addition that did not alter any substantive allegation in the pleading. ECF No. 3. That filing was not a merits revision and, thus, was not an attempt to address pleading deficiencies. The Court thereafter dismissed the Amended Complaint sua sponte by order docketed at ECF No. 6 and directed Plaintiffs to file an amended pleading. Plaintiffs filed the Second Amended Complaint (ECF No. 7) on December 29, 2025.

Plaintiffs have therefore had just one opportunity to amend their claims on the merits, namely the Second Amended Complaint filed at the Court's direction. Neither the "Amended Complaint" filed on December 10, 2025, nor the Second Amended Complaint filed on December 29, 2025 would support a finding of repeated failure to cure. The *Foman* liberality standard applies with full force.

## THE PROPOSED THIRD AMENDED COMPLAINT

The attached TAC addresses, with greater particularity, the specific pleading issues identified in the City's Motion to Dismiss and Reply, and it does so on the strength of official records obtained by Plaintiffs since the Second Amended Complaint was filed. Those records include the Department's own administrative investigation of the subject pursuit, IA 24-005, sworn by its investigator and approved on June 23, 2025, which found by a preponderance of the evidence that all seven individual Officer Defendants violated the Department's vehicular pursuit, body worn camera, supervisor notification, radio procedures, and crash investigation policies, among others, in connection with the fatal pursuit; the Department's concise internal affairs histories for the individual Officer Defendants; the City's 2021 Special Investigations Audit and 2022 Police

Internal Affairs Audit; and the April 2025 Organizational Assessment of the Department conducted by the Jorge Colina Group. The proposed amendments fall into five categories.

First, the TAC expressly pleads violations of the Fourteenth Amendment's substantive due process guarantee against each individual Officer Defendant under 42 U.S.C. § 1983, invoking the applicable constitutional provision by name and pleading the governing standard under *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), with deliberate indifference pleaded expressly in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

Second, the TAC amplifies the *Monell* allegations with particularized facts concerning the City's custom of condoning unauthorized high speed vehicular pursuits, including facts bearing on the City's notice of prior incidents and the deliberate indifference of its policymakers to the known risk of constitutional harm, drawn from the audits, assessments, and internal affairs records identified above.

Third, the TAC separately delineates the Fourteenth Amendment counts and the state law negligence counts as clearly labeled alternative counts under Rule 8(d)(2), ensuring that neither theory operates as an affirmative concession with respect to the other, and restructures the state law counts against the City to conform to section 768.28(9)(a), Florida Statutes. The City's suggestion that these theories are mutually exclusive does not reflect the operation of Rule 8(d)(2), which expressly permits a party to plead alternative and even inconsistent theories in the same pleading.

Fourth, the failure to train and failure to supervise counts are augmented to allege deliberate indifference to known training and supervisory deficiencies with respect to unauthorized high speed pursuit practices and causation linking those deficiencies to the constitutional harm alleged, and the TAC adds a count against the City for negligent retention grounded in the documented

disciplinary histories of the officers the City assigned to and retained within the unit that conducted the fatal pursuit.

Fifth, the TAC narrows the case. Plaintiffs have withdrawn their counts for negligent infliction of emotional distress and intentional infliction of emotional distress, as well as the state law counts against the individual officer defendants.

## NO GROUNDS FOR DENIAL EXIST

There is no basis to deny leave to amend under the *Foman* framework. This motion is filed before any ruling on the City's first motion to dismiss, meaning there has been no repeated failure to cure deficiencies by amendments previously allowed within the meaning of that standard. The City will suffer no undue prejudice from amendment at this stage, as no scheduling order has been entered, no discovery has been conducted, and no trial date has been set. There is no evidence of bad faith or dilatory motive; Plaintiffs seek to amend in direct response to purported pleading deficiencies identified by the City and on the basis of official records obtained since the operative pleading was filed, and the proposed amendment withdraws counts as well as sharpening those that remain. Nor is there undue delay; this motion is brought while the City's motion to dismiss remains pending, before any responsive pleading, scheduling order, or discovery, and it rests substantially on the City's own administrative findings and official records, which postdate and could not have informed the operative pleading. Finally, the proposed amendments are not futile; they directly respond to the alleged deficiencies identified by the City and state cognizable claims.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant leave to file the Third Amended Complaint attached as Exhibit A, and grant such further relief as the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that on June 30, 2026, counsel for Plaintiffs conferred with Andrew Carrabis, Senior Assistant City Attorney and counsel of record for the City of West Palm Beach, via electronic mail regarding the relief requested in this motion. Counsel for the City advised that the City opposes the relief sought herein.

Undersigned counsel conferred with all counsel for the individual Defendant Officers on July 6, 2026 via electronic mail regarding the relief requested in this motion. Counsel for all individual Defendant Officers advised they have no objection to the relief sought herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2026, a true and correct copy of the foregoing was filed via CM/ECF and served on all counsel of record.


 /s/ Margaret M. Bichler
Scott B. Smith, Esq.
Florida Bar No. 158569
Margaret M. Bichler, Esq.
Florida Bar No. 62795
SMITH, BALL, BAEZ & PRATHER
4400 PGA Boulevard, Suite 800
Palm Beach Gardens, FL 33410
Telephone: (561) 675-0840
Facsimile: (561) 675-0841
Primary Email: ssmith@smithball.com
Secondary: nlehr@smithball.com

By: /s/ Kevin R. Anderson
Kevin R. Anderson
Florida Bar No. 44857
ANDERSON & WELCH, LLC
120 S. Australian Ave., Floor 6
West Palm Beach, FL 33401
Telephone: (561) 832-3386
Facsimile: (561) 820-4867
Primary Email: kan@andersonandwelch.com