UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:25-cv-81544

JUNEL POCHETTE, individually and as Personal Representative of the Estate of MARCIA MAY POCHETTE, et al.,

Plaintiffs,

v.

CITY OF WEST PALM BEACH, et al.,

Defendants.
______________________________________________/

**PLAINTIFFS' REQUEST FOR HEARING ON DEFENDANTS' MOTIONS TO DISMISS**

Pursuant to Local Rule 7.1(b)(2), Plaintiffs respectfully request an in person hearing on Defendant City of West Palm Beach's Motion to Dismiss Plaintiffs' Third Amended Complaint, ECF No. 78, and the Individual Officer Defendants' Joint Motion to Dismiss the Third Amended Complaint, ECF No. 79, and estimate that one hour of argument per motion would be required.

A hearing would assist the Court for several reasons. Together, the two motions seek dismissal of every count of a forty-four count complaint arising from a fatal police pursuit, with prejudice, across more than fifty pages of briefing and on grounds that span sovereign immunity, the alternative pleading structure that Section 768.28(9)(a), Florida Statutes, and Rule 8(d)(2) prescribe, the substantive due process standards of *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), qualified immunity, municipal liability under *Monell* and its several distinct theories, and conspiracy. The motions and responses also raise issues as to threshold questions whose resolution shapes the entire case, including which culpability standard governs the pursuit and post-crash

conduct pleaded, and the proper disposition of the Defendants' requests for dismissal with prejudice before any discovery has occurred. A hearing would allow the Court to test each side's positions on these interrelated questions directly, and to address any question the briefing leaves open, in a single proceeding.

Plaintiffs estimate one hour of argument per motion, for a total of two hours.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 11, 2026, a true and correct copy of the foregoing was filed via CM/ECF and served on all counsel of record.

Respectfully submitted,

*/s/ Margaret M. Bichler*
Scott B. Smith, Esq.
Florida Bar No. 158569
Margaret M. Bichler, Esq.
Florida Bar No. 62795
SMITH, BALL, BAEZ & PRATHER
4400 PGA Boulevard, Suite 800
Palm Beach Gardens, FL 33410
Telephone: (561) 675-0840
Facsimile: (561) 675-0841
Primary Email: ssmith@smithball.com
Secondary: nlehr@smithball.com

By: /s/ Kevin R. Anderson
Kevin R. Anderson, Esq.
Florida Bar No. 44857
ANDERSON & WELCH, LLC
500 S. Australian Avenue, Sixth Floor
West Palm Beach, FL 33401
Telephone: (561) 832-3386
Facsimile: (561) 820-4867
Primary Email: kan@andersonandwelch.com
Secondary: andewelch@andersonandwelch.com

By: /s/ Jerome A. Stone, Jr.
Jerome A. Stone, Jr., Esq.

Florida Bar No. 57010
Linda E. Capobianco, Esq.
Florida Bar No. 121916
STONE & CAPOBIANCO, P.L.
219 SE Ocean Boulevard
Stuart, FL 34994
Telephone: (772) 781-4357
Facsimile: (772) 781-4340
Primary Email: jas@stonelawfl.com
Secondary Email: lec@stonelawfl.com

*Attorneys for Plaintiffs*